### McINTOSH, Adm'r, v. LYNCH et al.

No. 12292—Opinion Filed Nov. 6, 1923.

**1. Pleading—Action on Written Instrument —Unverified Answer—Sufficiency.**

Where an action is based upon a written instrument, and where an answer, though not verified, alleges facts which constitute a defense to the legal effect of the instrument, it is not error to overrule the demurrer to the answer for the reason that the execution of the instrument is not denied under oath. Hastings v. Hugo National Bank, 81 Okla. 189, 197 Pac. 457.

**2. Appeal and Error—Reversal—Proceedings Below—Amendment of Pleadings.**

Where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to take such other and further proceedings in the matter as shall accord with said Supreme Court opinion, it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions. If the parties could amend their pleadings in such a way as to conform to the views of the Supreme Court in relation to the allegation of facts necessary to entitle them to the relief sought, they ought not to be deprived of that right merely because they and the trial court had previously been in error as to the theory of the case. The court below, in justice to the parties, should permit such amendments upon such terms as to costs as it thought just, and it is reversible error to refuse to do so. Ball v. Rankin, 23 Okla. 801, 101 Pac. 1105.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; A. C. Brewster, Judge.

Action by Bunnie McIntosh, administrator, against F. E. Lynch and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Brook & Brook, for plaintiff in error.

Rogers & Fulghum and Albert C. Hunt, for defendants in error.

Opinion by THREADGILL, C. Some time prior to 1912, one Hillie Bear, a full-blood Creek Indian, died testate in Tulsa county, leaving an estate of land, being E. ½ of S. W. ¼ of section 28, and N. ½ of S. E. ¼ of section 10, T. 18 N., R. 12 E., in Tulsa and Creek counties, Okla. The will left by the deceased gave one Addie Nero an interest in her estate. The will was contested, and while the contest was pending said Addie Nero died and her husband was arrested and put in jail in Tulsa, charged with taking her life. It was claimed that Addie Nero was a niece of Hillie Bear, deceased. While Will Nero was in jail, Fred A. Fulghum and F. E. Lynch purchased from Will Nero his interest as surviving husband of Addie Nero in the lands of Hillie Bear, deceased, for a consideration of $500. They paid him $25 in cash and entered into a written contract whereby they agreed to pay the remainder, $475, when the will contest was acted upon by the courts. The deed was dated March 11, 1912. The contest on the will was successful and the contestee appealed to the Supreme Court and same was there dismissed, and further contest abandoned in the district court. December 2, 1913, Will Nero instituted an action in the superior court of Tulsa county against Lynch and Fulghum for the purpose or canceling the deed they had obtained from him on the ground of fraud. He died before the cause was tried, and on January 18, 1913, Bunnie McIntosh, as administrator of his estate, was made party plaintiff. On September 23, 1915, the cause to cancel deed in the district court was dismissed by the administrator, and on December 18, 1915, this action now before the court was commenced in the district court of Tulsa county by the administrator, asking to recover the balance of the purchase money for the land, being $475, with interest from March 15, 1912, and at 6 per cent. interest per annum. The defendants filed an answer, defending on the ground of election of remedies, stating that suit had been brought to cancel the deed on the ground of fraud, and the same having been dismissed, they could not bring suit involving the same matter by suing to recover the purchase price of the land, and that he was estopped from selecting a different remedy from the one heretofore selected. The cause was tried to the court without a jury, and the court, after hearing the evidence, gave judgment in favor of the defendants, sustaining the plea of election of remedies and estoppel, and the cause was appealed to the Supreme Court, and this court reversed the judgment of the trial court and remanded the cause for further proceedings not inconsistent with the views expressed in the opinion. On April 20, 1920, after the mandate was issued and filed in the trial court, plaintiff filed a motion for judgment on the pleadings, asking for the sum of $763, including interest, together with costs. On the same

day the defendants filed an unverified amended answer, which consisted of a general denial and a plea of no consideration. On April 29, 1920, the defendants filed an application for permission to file the amended answer above referred to, and on the same day the court made an order overruling the motion for judgment on the pleadings and sustaining the motion of the defendants to file the amended answer. On May 3, 1920, the plaintiff filed a demurrer to the amended answer, and on May 22, plaintiff filed a motion to strike the amended answer and on June 7, 1920, the court overruled the motion to strike the amended answer, and the plaintiff on June 7, 1920, filed a reply to the amended answer, and again on November 18, 1920, the plaintiff renewed his motion for judgment on the pleadings, which was overruled by the court, and on November 18, 1920, the cause was tried to the court without a jury and resulted in a judgment in favor of the defendants. After motion for new trial was overruled the cause was brought here by petition in error and case-made for review.

The plaintiff urges that the court committed error in overruling his motion for judgment on the pleadings; the motion was as follows:

"Comes now the plaintiff and shows to the court that the petition heretofore filed in this court declares on a contract calling for judgment for $475 and the answer heretofore filed in this court fails to deny or controvert said complaint of the plaintiff under oath and the amended or supplemental answer filed in this court, also fails to deny under oath the allegations set forth in said petition."

In support of this contention the plaintiff cites Hastings v. Hugo National Bank, 81 Okla. 189, 197 Pac. 457. This case cited by the plaintiff is a construction of section 4759, Revised Laws 1910, which provides:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified"

—the court holding in the 5th paragraph of the syllabus as follows:

"Where an action is based upon a written instrument and where an answer, though not verified, alleges facts which constitute a defense to the legal effect of the instrument, it is not error to overrule the demurrer to the answer for the reason that the execution of the instrument is not denied under oath."

2. The plaintiff further urges that the court committed error in allowing the defendants to file an amended answer changing his defense from election of remedies to failure of consideration, being a departure. He argues that when the case was first tried in the district court upon the issues made by the petition of the plaintiff, asking for $475 and interest, based upon a written contract, and the answer of the defendants pleading that the plaintiff had brought suit prior to that time to cancel the deed on the ground of fraud, to which the contract and consideration of $475 related, and having dismissed that action, he could not elect to bring suit on the contract for the purchase price, and this issue being denied in favor of the plaintiff by the Supreme Court, and the cause remanded with instructions to proceed further not inconsistent with the opinion, that this was the end of the litigation, and the defendants could not be permitted to file the supplemental answer changing the grounds of that defense.

We cannot agree with this contention of the plaintiff. Ball v. Rankin et al., 101 Pac. 1105, 23 Okla. 801, and Consolidated Steel & Wire Company et al. v. Burnham et al., 8 Okla. 514, 58 Pac. 654, settle the question involved here against the plaintiff's contention. The rule stated in the first case is as follows:

"When a judgment is reversed and cause remanded, it stands the same as if no trial had been had, and pleadings may be amended, supplemental pleadings filed, and new issues formed, under proper restrictions, except that an issue determined upon an agreed statement of facts, cannot generally be reopened."

And the rule stated in the second case is as follows:

"Where a cause is reversed and remanded by the Supreme Court with directions to take such other and further proceedings in the matter as shall accord with said Supreme Court opinion, it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions."

The questions in this appeal are fully discussed in the above opinions, and we think the trial court committed no error in overruling the plaintiff's motion for judgment on the pleadings and allowing the defendants to file amended answer, and we, therefore, recommend that the judgment of the court be affirmed.

By the Court: It is so ordered.