### ARMSTRONG v. WHITE.

No. 16793—Opinion Filed Nov. 30, 1926.

(Syllabus.)

1. **Appeal and Error—Disposition of Cause —Subsequent Appeal—Grant of New Trial Contrary to Directions of Mandate.**

Where on a former appeal this court had before it all the issues in controversy and entered its judgment upon the same and issued its mandate to the district court with directions to the district court to enforce such mandate, the district court was then without authority to grant a new trial contrary to the directions stated in the mandate.

2. **Same—Failure to Perfect Issues in First Trial—Improper Remedy by Amendment and Repeated Trials After Decision on Appeal.**

In the absence of exceptional facts, it is the duty of parties to put in issue the entire claim or defense available when the case is tried; and a failure to do so cannot be remedied by amendment and repeated trials after appeal to and decision by this court. St. Louis & S. F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 P. 38.

Error from the District Court, Craig County; A. C. Brewster, Judge.

Action by Cora White, nee Foster, against R. E. Armstrong. From the judgment, the plaintiff appealed. The judgment was reversed with directions. From an order refusing a new trial, defendant appeals. Affirmed.

W. H. Kornegay, for plaintiff in error.

C. Caldwell, for defendant in error.

LESTER, J. The parties will be referred to as they appeared in the district court.

On the 19th day of October, 1919, the plaintiff, Cora White, nee Foster, commenced an action against R. E. Armstrong, defendant, in the district court of Craig county, by the filing of a petition and having summons issued thereon. The plaintiff alleged that she was in possession of certain lands, and that through the fraud of the defendant he had procured a deed to the said land from her. Plaintiff also alleged that at the time the deed was procured from her she was a minor. The plaintiff asked that said deed be canceled.

The defendant filed an answer in which he denied each and every allegation of fraud in plaintiff's petition, or that the plaintiff was a minor at the time she executed the deed.

Upon trial had in the district court the issues were decided against the plaintiff. Thereafter, the plaintiff filed a motion for new trial, which motion was, by the court, overruled. The plaintiff, thereafterwards, filed a petition to set aside the judgment on the grounds of newly discovered evidence. The court, upon hearing thereon, denied the plaintiff's petition for new trial. The plaintiff then prosecuted her appeal to this court,

and in an opinion in said cause, 102 Okla. 156, 227 Pac. 130, this court reviewed the evidence therein and reversed the district court, with directions to cancel said conveyance and allow the plaintiff her costs. The defendant filed a motion for rehearing, which was thereafter denied. On the 11th day of December, 1924, this court caused its mandate to be issued to the district court, which mandate in part reads as follows:

"Whereas, the Supreme Court of the state of Oklahoma, did on the 8th day of April, 1924, render an opinion in the above entitled cause appealed from the district court of Craig county, for the reasons given, the judgment of the trial court is reversed, w th directions to enter judgment cancelling the conveyance in question and giving plaintiff judgment for costs of this suit. Now, therefore, you are commanded to cause such reversal to show of record in your court and to issue such process and to take such othe: and further actions as may be in accord with right and justice and said opinion."

On the 13th day of December, 1924, the same being one of the regular days of the November, 1924, term of the court, the court caused said mandate to be spread of record.

On the 15th day of December, 1924, the defendant filed a motion for new trial in said cause, which motion is as follows:

"The defendant, R. E. Armstrong, asks that before any judgment is rendered on the mandate from the Supreme Court, in favor of the plaintiff there be a trial in this court as to the right of plaintiff to recover, and that in the event a recovery of this land be allowed that an inquiry be made as to the amount of money and property rece'ved by plaintiff for the purchase price of the land be had and a judgment be entered making it a lien on the land. W. H. Kornegay, Attorney for Defendant."

On the same date the court overruled said motion for new trial, to which the defendant excepted.

On April 9, 1925, the court entered the following additional order:

"Judgment entered on December 15, 1924. as shown by the clerk's minutes hereby set aside and vacated. Plaintiff excepts. Application of defendant for trial and for inquiry as to amount of money and other property received and for judgment making it a lien on land presented, heard and refused. Defendant excepts. Judgment for plaintiff on mandate of Supreme Court against defendants cancelling deed and for costs, all as per J. E. Defendants except to entering of the judgment."

From an inspection of the record in the instant case, which contains the pleadings of the plaintiff and defendant in the former ap-

peal, it appears that the principal relief sought by the plaintiff was the cancellation of a certain deed, which she alleged had been procured from her through fraud of the defendant, and plaintiff also alleged that she was a minor at the time of the execution of said deed.

To the petition of the plaintiff, the defendant filed an answer, in which he denied each allegation of fraud. Defendant also denied that the plaintiff was a minor at the time she signed said deed.

The defendant did not ask any affirmative re.ief, other than that he recover his costs laid out and expended. On these issues, judgment was rendered in favor of the defendant from which the plaintiff thereafter prosecuted he: appeal to this court.

Upon examination of the evidence taken in the district court, this court found that the judgment rendered in the district court was clearly against the weight of evidence, and reversed said cause, with instructions to the district court "to enter judgment canceling the conveyance in question and give plaintiff judgment for costs of the suit." And the mandate further instructed the district court "to cause such reversal to show of record in your court and to issue such process and to take such other and further action as may be in accord with right and justice and said opinion."

Thus it will be noted that the only issue presented on the former appeal was the question of the cancellation of the deed procured from the plaintiff by the defendant.

The case, on former appeal, did not present any issue of any affirmative relief claimed or sought by the defendant. So that, when this court rendered its judgment and forwarded its mandate to the district court of Craig county, all issues and contentions which had been raised by the plaintiff and defendant were, by the judgment of this court, fully and wholly concluded, and there was nothing left for the district court of Craig county to do but to enter judgment canceling the conveyance in question and rendering a judgment in favor of the plaintiff for the costs of said suit.

The trial court had no discretion as to the character of its orders, other than that which was contained in the mandate of this court. The judgment of this court, speaking through its mandate, was substituted for the former judgment of the district court, and each and every issue presented by the former appeal had become completely adjudicated, and had the district court permitted the defendant

the privilege of a new trial on issues wholly concluded, it would have been error. The mandate had been filed in the district court of Craig county, and its force and effect could not be disturbed, changed, or altered by any procedure upon the part of anyone. It had fully become the law of the case.

It will be noted that the defendant's motion for new trial set forth that "there be a trial in this court as to the rights of plaintiff to recover." The record shows that the plaintiff was in possession of the property, and, therefore, the principal relief sought by the plaintiff in her original petition was that the deed to her property be canceled. This court in its former opinion had ordered that this very thing be done. Defendant further stated in his petition for new trial that "if the plaintiff recover, that an inquiry be made as to the amount of money and property received by the plaintiff for the purchase price of the land."

This court, on the former appeal, had before it all the evidence pertaining to the alleged consideration received by the plaintiff from the defendant. At page 92 C.—M., in the former appeal, plaintiff testified that she received no money from the defendant. Later on in her testimony she stated that she had received a hat, coat, and dress from the defendant and $35 that she received from her husband. With this evidence before it, this court, thereupon, ordered the deed canceled.

If the defendant believed that there was merit in the contention that they now make, that is, that the plaintiff should return whatever consideration she received from the defendant on account of executing the deed, the defendant should have raised this proposition early in his pleading.

In the case of Harding v. Gillett et al., 25 Okla. 199, 107 Pac. 673, this court said:

"It is true that, where a different state of facts arises upon the subsequent trial, the conclusions of the appellate court will not be binding upon the trial court; but where the pleadings are the same, or where the same facts arise requiring the application of any principle of law, the conclusions of the appellate court upon the appeal applying the law to such pleadings or facts are conclusive upon the trial court. If it were not so, an end to litigation might never be had, although the pleadings and facts remained the same. If the trial court may refuse to follow the conclusions of the appellate court upon a case being remanded to it, it could immediately, where the same questions of law are again presented, adhering to its former opinion, again render the judgment that had been re-

versed, and send the case on its way back to the appellate court to be reversed again, from which no appeal would lie to the superior appellate court, and thus would be formed an endless circuit."

In the case of St. Louis & S. F. R. Co. v. Hardy, District Judge, 45 Okla. 423, 146 Pac. 38, this court said:

"All questions open to dispute, and either expressly or by necessary implication decided on appeal to this court, will not be open for review on the second appeal, but such decision becomes the settled law of the case as to all such questions, and is not subject to re-examination."

In the same case it was declared to be the law that:

"In the absence of exceptional facts, it is the duty of the parties to put in issue the entire claim or defense available when the case is tried; and a failure to do so cannot be remedied by amendment and repeated trials after appeal to and decision by this court."

Finding no error in the refusal of the district court to grant the defendant a new trial, the judgment of the district court is, therefore, affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 1224; §3273. (2) 4 C. J. p. 1224, §3274; p. 1226, §3277.