Note.—See under (1) 38 Cyc. p. 1711; 14 R. C. L. p. 752; 3 R. C. L. Supp. 275; 4 R. C. L. Supp. p. 916; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. 829. (2) 17 C. J. pp. 746, 747, §77; 8 R. C. L. p. 459; 2 R. C. L. Supp. p. 614; 4 R. C. L. Supp. 556; 5 R. C. L. Supp. p. 470; 6 R. C. L. Supp. p. 510. (3) 17 C. J. pp. 746, 747, §77; 41 C. J. p. 365, §133 (Anno). (4) 4 C. J. p. 1221, §3271; p. 1231, §3288. (5) 4 C. J. p. 1164, §3181. (6) 41 C. J. p. 365, §134 (Anno).

---

## DOYLE-KIDD D. G. CO. v. INGRAM.

No. 17540. Opinion Filed Aug. 2, 1927.

Rehearing Denied Sept. 20, 1927.

(Syllabus.)

**1. Appeal and Error—Decision on Former Appeal Controlling.**

This court having held on a former appeal that the trial court should have directed a verdict for the defendant at the close of all the evidence, and inasmuch as there is no substantial difference in the facts presented in this case from those presented in the case when it was here before, the decision of the former appeal is controlling.

**2. Same—Judgment not Sustained.**

Record examined, and held, insufficient to support the judgment of the trial court.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by A. T. Ingram against the Doyle-Kidd Dry Goods Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions to dismiss.

Poe & Poe and Archibald Bonds, for plaintiff in error.

Neff and Neff and Harry G. Davis, for defendant in error.

HEFNER, J. A. T. Ingram, the defendant in error, sued the Doyle-Kidd Dry Goods Company, the plaintiff in error, and recovered judgment in the sum of $2,990. The contract relied upon by the plaintiff was oral and, as stated by him in his evidence, is as follows:

"The agreement was that they would place a man in the store and the business would go on in the regular way; that when there would be a shortage in any part of the dry goods it would be replaced. We would go right along with the business and check it at the end of each month. I would be paid a salary of $150 a month and their man would, and then when we had paid the Doyle-Kidd Dry Goods Company what they had in it, this surplus money that had accrued during the month would be paid to the Doyle-Kidd Dry Goods Company account, and then when this had been all paid back, the business was to be turned over to me in the clear."

This is the second appeal in this case. In the first trial Ingram recovered judgment in the sum of $2,990, and the case was appealed to this court, and is reported in 110 Okla. 3, 236 Pac. 37. The facts are rather fully stated in the opinion in the former appeal, and we can see no substantial difference in the facts as they were presented before and in the facts as they appear in the instant case. When the case was here before, this court said:

"We think the court erred in overruling defendant's demurrer to plaintiff's evidence; and erred in refusing to direct a verdict for the defendant at the close of all the evidence as was requested by the defendant."

Inasmuch as the court held, when the case was here before, that the trial court should have sustained a demurrer to the plaintiff's evidence, and when this was not done, that he should have directed a verdict for the defendant at the close of all the evidence, and inasmuch as we see no substantial difference in the facts presented in this case from those presented in the case when it was here before, the decision on the former appeal is controlling and we are bound by it.

It is true that in the instant case the plaintiff brings his proof within the rule laid down by the court in the former appeal as to the measure of damages, but since the court held in the former appeal that on all the evidence the trial court should have directed a jury to return a verdict for the defendant, and since the facts are substantially the same, the former decision is controlling here on that issue.

One of the assignments of error is that the court erred in overruling the demurrer interposed by the defendant to the plaintiff's evidence. Under the judgment in the former appeal and under the evidence in the instant case, we think the trial court should have sustained the demurrer to the evidence of the plaintiff. The case is therefore reversed, with directions to dismiss the plaintiff's petition.

BRANSON. C. J., MASON. V. C. J., HARRISON, PHELPS, LESTER, HUNT. CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 1110, §3091; anno. 34 L. R. A. 321 et seq.; 2 R. C. E. p. 226; 1 R. C. L. Supp. p. 461; 5 R. C. L. Supp. p. 84; 6 R. C. L. Supp. p. 79. (2) 4 C. J. p. 904, §2873.