### MARKLE v. STEKOLL.

No. 18161. Opinion Filed Jan. 22, 1929.

Rehearing Denied Oct. 1, 1929.

Mason, Honnold, Carter & Harper and Stewart Lynch, for plaintiff in error.

Samuel A. Boorstin and J. D. Johnston, for defendant in error.

TEEHEE, C. This is the second appeal in this cause. The opinion of this court in the first appeal is reported as Markle v. Stekoll, 112 Okla. 287, 240 Pac. 1044, where a sufficient statement of the case appears and need not here be reiterated. As there stated, the action was brought by John Markle, as plaintiff, against Harry Stekoll, as defendant, to recover the purchase price for 2,000 feet of casing, and damages sustained for that there was a breach of an "implied warranty * * * in that said casing was not suitable to perform the ordinary work which it was made to do." The first trial was to the court without the intervention of a jury, with judgment for the defendant. Upon a review of the record in the first appeal, this court found that the evidence did not support the judgment and thereupon ordered a reversal and remanded the cause for a new trial. The governing principles of the case were stated in the syllabus as follows:

"When an article is purchased by description, there is an implied warranty on the part of the seller of two things: (1) That the article furnished corresponds with the description; and (2) the article is suitable to perform the ordinary work which it is made to do.

"Where M. purchased 2,000 feet of casing of a certain description from S., and S. undertakes to furnish the same, in the absence of a stipulation in the order or contract to the contrary, there is an implied warranty on the part of S., that the different joints of casing furnished shall properly fit together."

The mandate from this court commanded that the record of the trial court be made to show a reversal of the cause and remandment thereof for a new trial, and directed that the court "issue such process and to take such other and further action as may be in accord with right and justice and said opinion."

The second trial was likewise had direct to the court upon the same pleadings and issues as in the first trial. For the plaintiff, the cause was submitted to the court on the transcript of the evidence in the first trial, with the exception of one witness whose testimony was substantially the same as in the former trial. For the defendant, additional to the two witnesses used in the first trial, five other witnesses were introduced. The testimony of the two original witnesses for the defendant was substantially the same as that given in the first trial. The testimony of the additional witnesses was substantially cumulative and opinion in character. Defendant filed a written request for special findings of fact and conclusions of law, to which plaintiff, by written representation, suggested refusal of answer by the court, but if answered suggested the answers to be made to defendant's request. The court, in general terms, found the issues in favor of the defendant. Upon announcement that judgment would be for the defendant, leave was granted to the defendant to withdraw his request for special findings of fact and conclusions of law, and thereupon the court rendered judgment for the defendant, to which ruling, findings and judgment the plaintiff excepted, and by this appeal complains thereof.

For reversal of the judgment, plaintiff sets out eight assignments of alleged error of the court, all of which were contained in his motion for a new trial, and all practically go to the propositions that, as the second trial was had upon the same issues and substantially the same evidence as in the first trial, there is no material and competent evidence reasonably tending to support the findings and judgment, and that the judgment is contrary to the law of the case as expressed in the opinion in the first appeal, to which propositions the argument of both parties is mainly directed. Decision upon these two main propositions will determine this appeal.

Preliminary to our consideration thereof, the defendant, as he may be permitted under our appellate practice, by renewal, presents his motion to dismiss this appeal for that the same was not lodged in this court within six months from the rendition of the judgment, though it was filed within six months from the order of the court overruling plaintiff's motion for a new trial. The appellate record shows prior consideration of the motion and disposition thereof by denial. This we regard as final. Cosden Oil & Gas Co. v. Moss, 131 Okla. 49. 267 Pac. 855.

Defendant makes a further point which

requires our first consideration, namely, that as plaintiff failed to demur to defendant's evidence, or move for judgment, or in anywise challenge the sufficiency of the evidence prior to submission, and incorporate such rights so saved in his motion for a new trial, plaintiff is now foreclosed in raising the question of the insufficiency of the evidence on appeal, and relies upon the rule applicable to cases tried to a jury, citing Newton v. Okmulgee Grocery Co., 88 Okla. 184, 212 Pac. 423, and other like cases by this court. The record supports defendant's contention in that it does not show that plaintiff in any manner challenged the sufficiency of the evidence prior to submission, but shows, however, that the question was raised in his motion for a new trial. That the rule relied on by defendant in support of his contention has no application to a cause tried to the court is not now open to controversy. Lambert v. Harrison, 69 Okla. 172, 171 Pac. 45; Russell v. Lennox Furnace Co., 136 Okla. 249, 277 Pac. 915. The rule there laid down by these cases is as follows:

"In a trial of a cause by the court, the question of the sufficiency of the evidence to support the judgment may be reviewed by this court upon the overruling of the motion for a new trial alleging the insufficiency of the evidence, although there has been no demurrer to the evidence or request for judgment for the defendant."

It is plain, therefore, that this contention of defendant cannot be sustained, by reason whereof we pass to the consideration of the merits of the cause.

The propositions as stated, being related in character, may properly be considered together and will be so treated. Thereunder plaintiff contends that the opinion of this court in the first appeal, under the record as then presented, was an adjudication of a want of evidence to sustain a finding that the defendant had met the measure of his obligation to plaintiff in the transaction out of which the litigation arose, as measured by the controlling rules of law by the court laid down in the case; that, as the cause was again heard upon the same issues framed by the same pleadings, with the evidence substantially the same as in the first trial, the same result must follow; and, that as the trial court failed to follow the opinion in the first appeal, and contrary thereto again found the issues for the defendant and rendered judgment thereon in conformity therewith, the judgment now complained of is likewise without supporting evidence, and is contrary to the controlling law of the case. In support of his contentions he re-

lies on Pacific Mutual Life Insurance Co. v. Coley, 80 Okla. 1, 193 Pac. 735; Kingfisher Improvement Co. v. Talley, 51 Okla. 226, 151 Pac. 873; Chickasha Cotton Oil Co. v. Lamb, 58 Okla. 22, 158 Pac. 579, and other like cases which lay down the rules that:

"Where the facts on a second appeal are practically the same as on the first appeal, the decision of the first appeal is the law of the case in all its subsequent stages and will not be reviewed on a second appeal"

—and that:

"The question open to dispute, as expressly or by necessary implication decided on a prior appeal, will not be reviewed on a second appeal."

The argument of defendant deals with many phases, but is properly resolved into the proposition that, as there was a trial anew, with his evidence substantially different from that introduced on the first trial, the court was without restriction upon the question of a readjudication of the facts in the case, and relies on the rule as laid down in McIntosh v. Lynch, 93 Okla. 174, 220 Pac. 367, that:

"Where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to take such other and further proceedings in the matter as shall accord with said Supreme Court opinion, it stands in the court below the same as if no trial had been had"

—and that:

"Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restrictions"

—provided that may be done conformably to the opinion of the appellate court in relation to the allegation of facts necessary to entitle the party to the relief sought. In further support of his contention, he cites Harper v. Aetna Bldg. & Loan Ass'n, 88 Okla. 128, 211 Pac. 1031, and Oklahoma City Electric, Gas & Power Co. v. Baumhoff, 21 Okla. 503, 96 Pac. 758, which are to the effect that the trial court, upon a remandment of a cause in the absence of specific directions, may make any order or any judgment not inconsistent with the opinion of the appellate court, and where such action has been had substantially in conformity with the appellate opinion, the action of the trial court will not be questioned on a second appeal. Defendant thereupon contends that there is evidence in the record which reasonably tends to support the judgment, for which reason, under a familiar rule of law, affirmation of the judgment of the trial court must follow.

Plaintiff's evidence being substantially the same as that introduced at the first trial, which was to the effect that the casings purchased were of different makes and would not properly fit together in a usable and dependable common string, as would have been the case if they were of one make, we need only to notice defendant's evidence produced at both trials to determine the conflicting contentions of the parties. The substance of defendant's evidence at the first trial was to the effect that, though he recognized it was his duty to furnish casings that would properly fit together in one common string and thus be capable to meet the use to which they would be put, there was nothing in his contract with plaintiff requiring that all of the casings sold should be of one make or thus fit together, by reason whereof, upon delivery to plaintiff of the casings according to description, which, after inspection by plaintiff were accepted without objection, there was full performance of his obligation. There was evidence also to the effect that different makes of casing of the same size, tapered and threaded according to a common standard, were capable of fitting together in one solid usable line, but it was not shown that the casings sold though of different makes were, in fact, of the same taper and thread.

The evidence at the second trial was an elaboration of that part of the evidence introduced at the first trial in relation to the manufacture of casings of the same weight and size of different makes according to a common standard of taper and thread, and that, if the casings purchased by plaintiff were so manufactured, the same would properly fit together, but there was a lack of evidence as in the first trial to show that the casings sold were so tapered and threaded, so that as a result the facts presented at the second trial were substantially the same as were presented at the first trial, which this court on the first appeal found to be insufficient to support the judgment in that trial rendered for the defendant. In these circumstances, the controlling principles appear to be those as relied on by plaintiff. In addition to the cases cited in that relation, see, also, Doyle-Kidd D. G. Co. v. Ingram, 126 Okla. 161, 259 Pac. 211; Armstrong v. White, 122 Okla. 78, 251 Pac. 46; Atchison, T. & S. F. Ry. Co. v. State, 130 Okla. 263, 267 Pac. 253. In the Armstrong Case, this court, quoting from a prior case, said:

"It is true that, where a different state of facts arises upon the subsequent trial, the conclusions of the appellate court will not be binding upon the trial court; but where the pleadings are the same, or where the same facts arise requiring the application of any principle of law, the conclusions of the appellate court upon the appeal applying the law to such pleadings or facts are conclusive upon the trial court. If it were not so, an end to litigation might never be had, although the pleadings and facts remained the same. If the trial court may refuse to follow the conclusions of the appellate court upon a case being remanded to it, it could immediately, where the same questions of law are again presented, adhering to its former opinion, again render the judgment that had been reversed, and send the case on its way back to the appellate court to be reversed again, from which no appeal would lie to a superior appellate court, and thus would be formed an endless circuit."

Being obliged to deal with the record as we find it, we are of the opinion that, as the trial court found the issues for defendant upon substantially the same evidence under the same pleadings and issues contrary to the opinion of this court in the first appeal, the judgment is therefore without support, and is contrary to the law of the case.

As the cause must stand for reversal and remandment, for the purpose of ascertaining the damage sustained by plaintiff, we deem it necessary to fix the rule by which such damage must be measured. In this relation defendant contends that in the state of the case, the measure of damages cannot be determined in accordance with the controlling provisions of the law upon the subject. He proceeds on the theory that, as he refused a return of the property, thus leaving the title in plaintiff, it was incumbent on plaintiff under the governing rule of law to establish the value of the property in its defective state, as this was necessary in order to find the difference between such value and its value in its warranted state, which difference would thus constitute the measure of damages. This essential, it is contended, is not shown by the record. There is no doubt that the amount of the disparity in value is the basis of calculation under the rule of the statute, which is the general rule, and that where the circumstances warrant, upon determination of this difference, a further sum may be recovered as a fair compensation for the loss incurred in an effort in good faith to use the property for the particular purpose of purchase. Sections 5989 and 5990, C. O. S. 1921; D. M. Osborne & Co. v. Walther, 12 Okla. 20, 69 Pac. 953.

It is clear that the rule of the statute contemplates some usable value of the property, and can only apply where there may be a partial fitness for the particular use intended, or fitness partial or otherwise for

some other use to which it may be devoted by the purchaser. But, as here, where the property proved to be valueless or worthless to the purchaser for the particular purpose for which it was purchased, and of no other value to the purchaser so far as is disclosed by the record; that is to say where there has been a total breach of warranty, the rule falls short of furnishing a proper measure of damages except in so far as it provides for "a fair compensation for the loss incurred by an effort in good faith to use it for such purpose." The inadequacy of the rule was early recognized in the application thereof. Coyle & Smith v. Baum, 3 Okla. 695, 41 Pac. 389. The principle applied in that case was that as declared in Dushane v. Benedict, 120 U. S. 630, 30 L. Ed. 810, that "the damages recoverable for a breach of warranty, or for a false representation, include all damages which in the contemplation of the parties, or according to the natural or usual course of things, may result from the wrongful act." Among other cases, the court, in Coyle & Smith v. Baum, cited with approval the case of Murphy v. McGraw, 74 Mich. 318, 41 N. W. 917. The Murphy Case was an action to recover the purchase price of a horse, which, from an infection, proved to be worthless for the use of purchase, and the expenses incurred in the attempt to cure the animal, with judgment therefor. The circumstances in a large measure in point of principle and the argument of the defendant on appeal, as we gather from the context of the opinion in the case, were similar to the circumstances, and the argument made by defendant in the cause at bar. The principle of the measure of recovery there recognized is well established, and often has been applied according to the circumstances of the case requiring its application. Denivelle Co. v. Leonard Keil, Inc., 140 N. Y. S. 159; Leavell v. Coleman, 144 Ky. 825, 139 S. W. 1079; Bagley v. Cleveland Rolling Mill Co., 22 Blatch. 342, 21 Fed. 159; Oil Well Supply Co. v. Davidson, 28 Ohio C. C. 731; affirmed in 75 Ohio St. 611, 80 N. E. 1130; Caffey v. Alabama Mach. & Supply Co., 19 Ala. 189, 96 So. 454; Oil Well Supply Co. v. Priddy, 41 Ind. App. 200, 83 N. E. 623; Lewis v. Peake, 7 Taunt. 153, 129 Eng. Rep. 61. This principle, as a measure of damages, is here applicable.

The further point is made by defendant in this connection that, as he was under no obligation to accept the property, his refusal of acceptance under the offer of return made by plaintiff is a supporting element of plaintiff's failure to place himself in a position to recover the damages sought. This, we may observe, cannot operate to defeat plaintiff's right of recovery as his offer of return was sufficient, for he could do no more. D. M. Osborne & Co. v. Walther, supra, and Pennington Gro. Co. v. Woods & Co., 97 Okla. 220, 223 Pac. 368

In addition to the purchase price, freight charges, expenses of loading and hauling to the place of use, and attempted use of the property, plaintiff also sought to recover for an item referred to as rental of tools which was in the nature of a fine or penalty for the period of time required in the attempt to use the property, by reason whereof. the drilling contractor was prevented from prosecuting the drilling of the well under the terms of his contract with plaintiff. Such loss of time is not infrequent, and may arise from other like circumstances, and when thus arising, the cause is generally known to the oil industry as a fishing job, a hazard that the operator assumes in the development of oil and gas properties. In the absence of a stipulation in the drilling contract to cover such a contingency, the drilling contractor would find himself in such case burdened with an expense for which the operator would not be answerable unless otherwise agreed upon, so that, in order to guard there against, a penalty or fine for idle time is taken into consideration and incorporated in the drilling contract, and, therefore, where payment is required as here, it may be said to be a part of the contract price of the well. This being true, the penalty item, in our judgment, is too remote to come within the contemplation of the parties as a part of their sale contract.

In the circumstances of this case, therefore, the measure of damages would be the price paid for the casings including the cost of unloading and transportation, and the actual expense incurred in the effort in good faith to use the same for the purpose of purchase.

The judgment of the district court is therefore reversed, and the cause remanded, with directions to the trial court to ascertain the amount of the damages sustained by plaintiff under the measure of damages as hereby fixed, and thereupon render judgment in such sum for plaintiff, and for such further proceedings not inconsistent with this opinion.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.