## NOWATA OIL SYNDICATE v. COMMERCIAL NAT. BANK et al.

No. 18988. Opinion Filed Feb. 12, 1929.

Rehearing Denied April 23, 1929.

A. B. Campbell, for plaintiffs in error.

E. J. Raymond, Geo. B. Schwabe, and John F. Pendleton, for defendants in error.

LEACH, C. Plaintiffs in error originally commenced this action in the district court of Nowata county against the Commercial National Bank of Nowata to recover the sum of $1,500, and alleged in their petition that, on April 17, 1918, they forwarded to the defendant bank through the City Bank & Trust Company of Denver a cashier's check

for $1,500, with a letter of instruction authorizing the defendant bank to place the money in escrow together with a drilling contract for an oil well to be drilled on a certain described tract of land, the drilling contract to be approved by Paul F. Smith and George C. Waterman; that the defendant bank received the check, but no contract for drilling a well was ever entered into in accordance with the letter of instruction; that the funds received by defendant bank were never paid out, no well being drilled on the land described; that after written demand therefor, the defendant bank refused to pay to plaintiffs the money so received.

The defendant bank filed an answer on October 6, 1919, admitting that it received and held in escrow the money claimed by plaintiffs; further alleged that one C. C. Cowdery made claim to the money, and tendered and offered to pay the same into court to be paid out as the court might direct. Upon application of C. C. Cowdery he was made a party to the suit, and permitted to file an interplea, in which he alleged and set forth a contract entered into on April 4, 1918, between George C. Waterman and himself for the drilling of a well on a tract of land, upon which it was alleged the plaintiffs held an oil and gas lease in the name of John N. Rosen, trustee. The land referred to in the contract, however, was different from that described in the letter of instruction accompanying the $1,500 draft placed in escrow with the defendant bank. Interpleader further alleged that Paul F. Smith and George C. Waterman, as agents and representatives of the plaintiffs, informed the interpleader that the money to be placed in the bank as a guarantee of payment of the contract price of the well to be drilled had been deposited in the defendant bank pursuant to the agreement; that he relied upon such representations, and did drill a well on the land mentioned in his contract with Waterman; the total cost of and value of the services rendered in drilling and completing the well according to contract was $1,415.17, which was unpaid; that the representations made were in pursuance of a scheme on the part of plaintiffs and their agents to defraud interpleader out of the payment for his work; that the money was submitted to the defendant bank for the purpose of securing a well drilled: that interpleader performed said work at their request and upon the location chosen by them, and prayed judgment for the amount alleged to be due with interest.

Upon the first trial of the case, a verdict and judgment were entered in favor of Cow-dery, the interpleader, for the sum prayed for, from which the plaintiffs appealed. The opinion of this court on the first appeal is reported in 93 Okla. 6, 219 Pac. 339, in which opinion will be found a much more extended and complete statement of the case than is herein set out. In that opinion the court held that the evidence was insufficient to establish the authority of the alleged agents to bind the plaintiffs, and the opinion concluded with the statement:

"* * * In this case, the evidence is wholly insufficient to support the verdict of the jury, and, therefore, the judgment of the lower court is reversed for further proceedings in keeping with this opinion."

Upon remand of the case, the defendant bank and interpleader filed supplemental pleadings, in which they alleged that the plaintiffs were a partnership doing business in Nowata county, Okla., under a fictitious name, and were without authority to bring and maintain the suit because of the provisions of sections 8141 and 8143, Comp. Stat. 1921.

At the second trial of the case, the plaintiffs demurred to the evidence of the interpleader, which was overruled: also, requested an instructed verdict in their favor. At the completion of the testimony, the interpleader filed a motion to amend his pleading, stating therein:

"To conform to the proof adduced in the trial of this action with reference to the fact that P. F. Smith was a member of the plaintiff copartnership and to allege that he had power to, as such copartner, bind the plaintiff for all costs and expenses in drilling of said well"

—which motion was allowed over the objection of plaintiff, and the amendment was considered filed although not shown in the record.

Upon a retrial, a second verdict and judgment was rendered in favor of the interpleader, Cowdery, from which the plaintiffs bring this appeal, and present the errors complained of under the following propositions:

(1) The former decision of the court is controlling on this trial as there is no substantial difference in the facts presented.

(2) The court erred in giving its instruction to the jury.

(3) There is no evidence to sustain the verdict and judgment.

In support of the first proposition presented, the plaintiff quotes from the case of Kingfisher Improvement Co. v. Talley, 51 Okla. 226, 151 Pac. 873, wherein it was said:

"A decision on appeal by the highest court of a state upon questions of law becomes the law of the case; and, the facts or issues being substantially the same at a second trial thereof, such decision is controlling upon the trial court, and is the law of the case in this court upon a second appeal."

Other cases cited by the plaintiff will be found among the following which lay down a rule somewhat similiar to the one quoted: Doyle-Kidd D. G. Co. v. Ingram, 126 Okla. 161, 259 Pac. 211; American Investment Co. v. Baker, 122 Okla. 10, 250 Pac. 76; Barnett v. Kunkel, 283 Fed. Rep. 24; Midland Valley R. Co. v. Clark, 96 Okla. 264, 221 Pac. 1025; Pacific Mut. Life Ins. Co. of California v. Coley, 80 Okla. 1. 193 Pac. 735.

"In the absence of exceptional facts, it is the duty of parties to put in issue the entire claim or defense available when the case is tried; and a failure to do so cannot be remedied by amendment and repeated trials after appeal to and decision by this court." Armstrong v. White, 122 Okla. 78, 251 Pac. 46.

"Where questions arising in the trial court previous to a former appeal of the cause are such that if presented at all to this court should have been presented in such former appeal, they are concluded by an affirmance by this court of the judgment of the trial court in the former appeal and cannot be presented to this court on a second appeal." State ex rel. Mothersead, Bank Com'rs, v. Hardister, 128 Okla. 245, 262 Pac. 658.

"Where questions of law upon a state of facts have been settled upon a former appeal and are based, in substance, upon the same evidence when again presented, the decision on the former appeal is the law of the case and binding upon this court." Atchison, T. & S. F. Ry. Co. v. State, 130 Okla. 263, 267 Pac. 253.

In response to the contention and argument of the plaintiffs, the defendant in error Cowdery says the record on the second trial shows affirmative evidence with reference to the agency that was not presented at the former trial, and calls attention to the testimony of one such witness. From an examination of the record, we fail to see wherein the testimony of the witness referred to adds any material weight to the proof of agency or authority of the alleged agents additional to that shown in the former appeal. At most, it is cumulative in character, and is to the effect that P. F. Smith stated to the witness that he had an interest in the well drilled by Cowdery, and that the witness saw Smith together with Waterman make other locations on the particular tract for the drilling of other wells.

The evidence given and introduced in behalf of the interpleader in the second trial is materially the same as that in the first trial. The defendant in error Cowdery further calls attention to the amendment which the court permitted him to make at the conclusion of the testimony; and contends that such amendment taken in consideration with the testimony shows there is a substantial difference both in issues and facts between those in the former appeal and this one. As heretofore stated, we do not observe any material difference in the evidence in this and the former appeal. Assuming that the defendant in error had a right to amend his pleading under the provisions of section 318, Comp. Stat. 1921, and the rule and authority enunciated in the cases of McIntosh, Adm'r., v. Lynch, 93 Okla. 174, 220 Pac. 367; Harper v. Aetna Bldg. & Loan Ass'n, 88 Okla. 128, 211 Pac. 1031, we are of the opinion that the amendment made alleging P. F. Smith to be a member of the partnership and as such had power to bind the other partners, did not materially change the issues. The authority and rights of the interpleader, Cowdery, to recover, in the action depended upon the question and proof of agency before and after the amendment. The fact that P. F. Smith was a member of the plaintiff association or partnership did not, under the facts shown, extend his power and authority to contract for or bind the other members of the association or partnership by his acts beyond or outside of the scope, purpose, and objects of the partnership. In a sense a partner is an agent of the other partners, and the burden still rested upon the intervener to establish the authority of the partner under his acts.

"The rights, duties, and functions of partners, in a great measure, comprehend those of agents, and the general rules of law applicable to agents apply with equal force to partners. Every partner is not only a principal, but also a general authorized agent for the firm and the agent for all the partners for all purposes within the scope and objects of the partnership." Watkins v. Huff, 101 Okla. 5, 222 Pac. 693.

"One partner cannot bind his copartner by any contract not reasonably within the scope of the partnership, unless with such copartner's knowledge and assent.

"(a) Such knowledge and assent must be established by evidence affirmatively showing it, or from which it may be clearly inferred." Brown v. First National Bank of Temple, 35 Okla. 726, 130 Pac. 140.

In the opinion rendered on the former appeal, it is said:

"The letter of instructions which was

transmitted by the plaintiff through the City Bank & Trust Company of Denver to the Commercial National Bank of Nowata was clear as to the authority and circumstances under which this money was to be paid out. This money was deposited by the plaintiff, and was being held by the Commercial National Bank of Nowata for the purpose of paying for the drilling of a well on the Rowley lease, which was in section 4, township 26 north, range 16 east. No well was drilled on this land at all, but instead there was a well drilled in an entirely different section, being section 9 of township 26 north, range 16 east. The plaintiff had no interest whatever in this land located in section 9 where the well was drilled by Cowdery, and if Waterman and Smith were the agents of the Nowata Oil Syndicate, there is no evidence produced here to show that they were acting within the scope of their authority, or within the apparent scope of their authority in entering into the contract with Cowdery to use the money of the plaintiff in drilling a well on land in which it had no interest. An agent cannot bind his principal just on the mere fact that he is an agent, but in acting he must do so within the scope, or apparent scope of his authority; an unauthorized act of an agent will not bind his principal."

There was evidence to the effect that the association or partnership was organized for the exclusive purpose of developing and drilling a well on the specific land described in the letter of instructions. The evidence is to the effect that none of the plaintiffs, with the exception of Smith, owned any stock or had any interest in the corporation which owned the lease on the land on which the well in question was drilled. A member of the partnership would have no authority or right to bind others of the partnership, without their assent, or to apply the partnership funds, in the drilling of a well on land on which the lease was owned by others. The interpleader in this case no doubt acted upon a misapprehension of the authority of the party or parties with whom he dealt, but such fact does not necessarily entitle him to recover as against the plaintiffs. He entered into the contract with Waterman to drill the well on the Randall tract before he ever met Smith and before the funds in question were received by defendant bank.

Under the second proposition presented by the plaintiff, complaint is made and error alleged in the giving of instruction No. 2, wherein the court said:

"You are further instructed that P. F. Smith was a copartner in the firm of the Nowata Oil Syndicate, and as such had the right to change or modify the terms contained in the letter which accompanied the draft to the Commercial National Bank. * *"

Considering the instruction in the light of the evidence, we are of the opinion that the instruction was unwarranted, erroneous and prejudicial. As heretofore stated, a partner would have no right to contract or bind the partners beyond the scope and purpose of the partnership, and, in the instant case, there is no evidence under which it could be said that P. F. Smith, as a copartner, was authorized or empowered to modify or change the terms of the letter of instruction or to expend the funds in any manner other than that provided for in the letter of instruction which accompanied the draft.

Plaintiff also complains of instruction No. 3, wherein the trial court advised the jury that the total liability of the defendant bank was the sum of $1,500 unless they found from the evidence that the bank did not act in good faith in retaining the money after written demand therefor by the plaintiff, but if they so found, six per cent. interest should be added from date of demand. It is the contention of plaintiff that the court should have given their proffered instruction directing that plaintiffs were entitled to interest from the date of their demand to the date the money was paid in to the clerk of the court by the defendant bank. The trial court gave an instruction in the first trial of the cause similar to that given on the second trial relating to the question of interest. No objection was made to the instruction so given on the question of interest in the first trial, and no complaint or error was made or alleged thereon in the first appeal of the case. Applying the rule announced in the case of Armstrong v. White, supra, it would appear the plaintiffs could and should have presented in their first appeal the alleged error now and here complained of. However, under the facts shown, we are of the opinion that the trial court committed no error, and was justified in giving the instruction complained of.

The defendant bank, in filing its answer in the case, tendered and offered to pay into the court the funds involved, and disclaimed any interest or right therein. No doubt the trial court would have authorized and directed the payment of the fund to the court clerk at the first trial of the case if plaintiffs had so requested.

The third proposition presented by plaintiff, that there is no evidence to sustain the verdict and judgment, is but a review and restatement of the other propositions presented.

From a consideration of the evidence, we reach the same conclusion as that announced in the opinion in the former appeal, that is, that the evidence is insufficient to support the verdict and judgment, with, however, the possible exception that we think there was sufficient evidence to sustain the verdict of the jury on the question of whether or not the defendant bank acted in good faith in retaining the money involved after demand therefor by plaintiff. The demurrer presented to the evidence of the interpleader should have been sustained.

The defendant in error Cowdery contends that the court should have sustained his motion to dismiss plaintiffs' action in accordance with his plea; that the plaintiff was a fictitious partnership transacting business within the state, and had not complied with the provisions of 8141, Comp. Stat. 1921, respecting the filing of a certificate showing the names of the partners, and therefore prohibiting them under section 8143, from maintaining the action. It is the rule that a successful party may, without cross-appeal or assigning error, save the judgment by showing that errors were committed against him below, which, if corrected, will make the result reached below correct. American Nat. Bank v. Ardmoreite Publishing Co., 123 Okla. 225, 253 Pac. 81; Naill v. Order of United Commercial Travelers of America, 103 Okla. 179, 299 Pac. 833.

We are of the opinion, however, that the record does not show error in failing to sustain such plea and motion of the interpleader. It was not shown that the plaintiffs transacted business under a fictitious name, or otherwise within the state. At most, in view of the evidence, the contention of the interpleader could not be sustained under the rule announced in the case of Pyle v. Hood, 128 Okla. 239, 262 Pac. 660 and cases therein cited.

The judgment of the trial court is reversed, and the cause remanded to 'the district court, with directions to enter judgment in favor of the plaintiff in accordance herewith.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.