Otis W. WALKER, Plaintiff in Error,

v.

Loretta Eileen DUNCAN, and Loretta Eileen Duncan, Trustee under the Last Will and Testament of Charles E. White, deceased, Defendant in Error.

No. 42084.

Supreme Court of Oklahoma.

May 12, 1970.

Buford Kirtley, Berry & Berry, Morton Y. Loar, Oklahoma City, for plaintiff in error.

Herman Merson, Wayne Campbell, Harry Merson, Oklahoma City, for defendant in error.

DAVISON, Justice.

Otis W. Walker (defendant in the trial court) appeals from a judgment rendered against him in favor of Loretta Eileen Duncan, individually and as Trustee (herein referred to as plaintiff), whereby a money judgment was rendered against the defendant for the penalty provided in 46 O.S.1961, § 15, because of the failure of defendant to release a real estate mortgage, and a further judgment canceling of record the mortgage held by defendant.

Title 46 O.S.1961, § 15, provides in pertinent part as follows:

"If the holder of any mortgage on real estate shall neglect or refuse for ten days after being requested by the mortgagor, his agent or attorney, to release such mortgage, such holder of a mortgage shall forfeit and pay to the *mortgagor* one per centum of the principal debt per diem from and after the expiration of such ten days to be recovered in a civil action in any court having jurisdiction thereof, * * *" (Emphasis ours)

Plaintiff instituted the action in her individual capacity and as Trustee under the Will of Charles E. White, deceased, alleging that on March 2, 1952, White executed and delivered to the defendant a real estate mortgage on a parcel of land located in Oklahoma County, Oklahoma, to secure a promissory note of even date in the sum of $5750.00, payable $70.00 per month, with 6% interest; that White died June 25, 1953, and his estate was probated and the subject land distributed one-half to plaintiff (his daughter) individually and one-half in trust, of which she was Trustee; that White paid the note and mortgage in full before his death and defendant refused to release the mortgage; and that plaintiff had complied with all of the conditions of 46 O.S.1961, § 15, and was entitled to recover one percent of the principal debt per day under the provisions of the above statute. Plaintiff also alleged her inability to consumate a proposed sale of the property, and the consequential damage, because of defendant's refusal to release the mortgage. Plaintiff prayed for judgment for the statutory penalty, and for the actual damage, and for cancellation of the mortgage.

Defendant filed an answer and cross-petition, alleging the plaintiff was not entitled to a release of the mortgage because the secured debt had not been paid in full, and alleged that there was due on the note and mortgage the sum of $1204.23 principal, $459.46 accumulated interest, and $120.43 attorney's fee, for which he asked judgment and for foreclosure of the mortgage.

There was no general denial and no denial of plaintiff's capacity to sue alleged in defendant's answer.

Plaintiff's reply consisted of a denial of any indebtedness and a plea that defendant had failed to file any claim in the estate of White.

The parties waived a jury and the action was tried to the court. Also, the parties consented that the matter be heard without a court reporter taking the testimony.

The testimony of the witnesses appears in the record in the form of a relatively short narration thereof made in behalf of defendant and a supplemental narration made in behalf of plaintiff in addition to record evidence. The trial court found that collectively they were fair statements of the evidence.

The note and mortgage were given March 2, 1952. White died June 25, 1963. No receipts showing his payments on the note were at that time found among

his effects. While his estate was being probated and afterwards, requests were directed to defendant for a release of the mortgage or a statement of the status of the debt. Apparently these requests were ignored or rejected by defendant. In April, 1965, plaintiff's real estate broker, who had found a purchaser for the property, asked defendant about the balance. Defendant advised the broker in writing that the balance, dating from June, 1957, was $2816.36, with interest at 10% (compounded) from June 10, 1957, and that no payments had been made after June, 1957. Later the plaintiff, in the presence of the broker and another person, told defendant that her father (White) had stated the mortgage had been paid, but that she (plaintiff) could not find any receipts. Defendant thereupon stated that the balance due, with interest compounded at 10% was $6257.75, and told plaintiff that if this was not paid within 10 days, he would institute foreclosure proceedings. (We find no provision in the note and mortgage for 10% interest on the principal, except after foreclosure is filed.)

Shortly thereafter, the plaintiff discovered the receipts evidencing her father's payments to defendant. The receipts in evidence show that to and including June 1, 1957, White paid the defendant $3520.00 on the note and mortgage. The receipt evidence discloses that after June, 1957, White made 53 payments of $70.00 each, being a total amount of $3710.00 on the note and mortgage.

Defendant did not explain how he arrived at his previously quoted balance of $2816.63, or his alleged balance of $1204.23 and accumulated interest, and he did not produce any bookkeeping records at the trial.

The trial court found generally for the plaintiff, and found specifically, that the note and mortgage had been paid in full; that plaintiff had complied with the provisions of 46 O.S.1961, § 15; that defendant had willfully, in bad faith, and in utter disregard of the rights of plaintiff refused to release the mortgage. The court canceled the mortgage and rendered judgment against defendant for the accumulated penalty due under the provisions of the above statute and prospectively for 1% per day of the original amount of the principal debt, or until defendant released the mortgage of record and denied defendant's cross-petition. The defendant released the mortgage the day following rendition of the judgment.

Defendant filed a "MOTION FOR NEW TRIAL AND MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT" in which he complained, in addition to other complaints, that the judgment was not sustained by sufficient evidence, that the judgment was contrary to law, and that plaintiff did not have the legal standing under 46 O.S.1961, § 15, to enable her to state a cause of action against defendant.

The trial court denied these motions.

Defendant presents two propositions of error to support his contention · that the trial court erred in finding him liable for the statutory penalty.

Defendant contends that an actual controversy existed between the parties as to the amount due on the mortgage and plaintiff was not entitled to recover the statutory penalty.

Defendant cites in support of the above contention American National Bank v. Jorden, 123 Okl. 151, 254 P. 706 (and other cases), in which we held that a mortgagee refusing to release a mortgage of record because of belief in good faith that he has substantial grounds to contest the fact of payment is not subject to the statutory penalty for refusal to release a real estate mortgage; that the gist of the action to recover the penalty is the willful wrong of the mortgagee without justification in law in his refusal to release the mortgage.

As a part of this proposition, the defendant contends the evidence reflects that there was in fact a balance due to defendant on the note and mortgage.

In view of our later treatment of defendant's second proposition of error, there is no need to rest our disposition of this appeal upon a determination of whether defendant believed in good faith that he had substantial grounds for contesting the fact of payment.

The defendant's contention that there was a balance due on the note cannot be sustained. The trial court found that the note had been paid in full. The evidence, supra, reasonably sustains this conclusion. Defendant did not produce any bookkeping records at the trial. The inconsistency in his declarations as to the balance due, when considered in the light of the discovered receipts issued by defendant negates any idea that defendant was owed any balance on the note.

In Wallace v. Smith, 205 Okl. 557, 240 P.2d 799, this court said that in an action, tried to the court upon waiver of a jury, a finding for plaintiff upon issues of fact is of the same effect as a verdict of properly instructed jury, and will not be disturbed on appeal, if there is any evidence reasonably tending to support the same.

Defendant's second proposition of error is that plaintiff as heir of the deceased mortgagor does not have standing under 46 O.S.1961, § 15, to sue for the statutory penalty.

It is an obvious fact that plaintiff in her several · capacities is not the mortgagor in the mortgage. Plaintiff Loretta Eileen Duncan in her individual and trustee capacity is the devisee of her father (C. E. White), the mortgagor.

We have held that 46 O.S.1961, § 15, is a penal statute, and must be strictly construed, and that "strict construction" as applied to that statute, is that which refuses to extend the law by implications or equitable considerations, and confines its operations to cases clearly within the letter of the statute, as well as within its spirit or reason. Walker v. Dugger, Okl., 371 P.2d 910.

The statute, § 15, supra, provides that the holder of a mortgage "shall forfeit and pay to the *mortgagor* one per centum of the principal debt per diem" (emphasis ours) for failure to release the mortgage.

In Hope v. United Savings & Loan Ass'n, 177 Okl. 389, 60 P.2d 737, the question presented was "whether or not the subsequent purchaser of mortgaged real estate may recover the forfeit provided by section 11266" O.S.1931, now 46 O.S. 1961, § 15. We held that such person could not recover the penalty, saying that "it seems conclusive that statutes penal in their nature must be strictly construed and limited to operate only in favor of those included in the statutory description of designation." We said that there was no provision in the statute "that the rights conferred thereby shall extend to the assignee of the mortgagor, and we do not now feel justified in extending the statute by implication to include such persons." Therein we cited and relied upon the holding and similar interpretation of our statute in Capps v. U. S. Bonding & Mortgage Co., 274 F. 357 (8th Cir. 1921).

In the Capps case a subsequent owner of land sought to recover the statutory penalty from the holder of a mortgage given by a prior owner of the land. The court held that such later owner, not being the mortgagor, could not recover the penalty, stating that: "By the express terms of the statute the right to the penalty is given only to the mortgagor, that is, the mortgagor is the only person named to whom the forfeit runs and shall be paid, and no one else is given the right by the terms of the statute to sue and recover it; * * *." The court then discussed the distinction between statutes confining the right to the penalty to the mortgagor, and those giving the right to his assignees and heirs also.

The Capps opinion then calls attention to the then existing difference between our statute, now 46 O.S.1961, § 15, and the Oklahoma statute requiring release of chat-

tel mortgages (46 O.S.1961, § 70) stating as follows:

"The Oklahoma statute requires a chattel mortgagee to deliver to the mortgagor on payment of the debt a certificate of discharge, and on his refusal to do so it subjects him to a penalty in favor of the mortgagor or his grantee or heirs. This marked difference between the two statutes could hardly have escaped legislative attention. In the one the right to the penalty is given to the mortgagor only, and in the other to the mortgagor, his grantee or heirs."

■ The reasoning and conclusions in the Hope and Capp cases are clearly applicable to the present case. Plaintiff is not the mortgagor. The statute does not apply in cases like that now before us. The statute does not mention heirs and devisees. Plaintiff had no legal right to recover the penalty provided in 46 O.S.1961, § 15.

On this proposition plaintiff contends that a distinction should be made between voluntary grantees and involuntary grantees, such as devisees of real property, and that the latter class of persons should be entitled to recover the penalty provided in the statute. Plaintiff's argument is that the intention of the statute is to compensate the *mortgagor* as well as to penalize the mortgagee and to definitely fix the measure of damages. Citing Pittsburg Mortg. Inv. Co. v. Cook, 150 Okl. 236, 1 P.2d 665.

We do not find anything in the cited case, nor in the statute, that suggests that an heir and devisee of a mortgagor should be regarded as a mortgagor or treated as having succeeded to the rights of the mortgagor. The penalty and the collection thereof is purely statutory. See Hope case, supra.

Plaintiff also contends that the defendant has waived the right to challenge the standing of the plaintiff to maintain the action to recover the statutory penalty.

Plaintiff argues that the failure of the defendant to raise the question of plaintiff's standing to maintain the action by answer, or during the trial before judgment, constituted a waiver of this objection. Plaintiff cites decisions concerning the need for making a proper and prompt objection when it is claimed there is a defect of parties defendant, or that the action is not being prosecuted by the real party in interest.

In Carraco Oil Company v. Roberts, Okl., 397 P.2d 126, 131, we said: " * * * objections with respect to parties, *where not such as to affect the right to maintain the suit,* ordinarily are waived by failure to interpose them at the proper time and in the proper manner as by demurrer or answer." (emphasis supplied) However, in the present case the matter urged by the defendant is actually not one of mere defect of parties, but of the very existence of the right of the plaintiff to maintain the action. We have held herein that as a matter of law the plaintiff had no right to maintain the action. This situation was apparent from the inception of the action and from the evidence.

This lawsuit was tried to the court after the parties had waived a jury. While the lawsuit was still in and before the trial court, the defendant in his "MOTION FOR NEW TRIAL AND MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT" presented to the trial court the objection that the judgment was not sustained by sufficient evidence, was contrary to law, and that there was a complete absence of any right in plaintiff to maintain the action. At that time the trial court had jurisdiction to review the sufficiency of the evidence to support the judgment against defendant, and to determine from the evidence and law whether plaintiff had the legal right to collect the penalty, and then to render such judgment as the evidence justified.

**652**

Under the circumstances in the instant case this court is authorized to review the sufficiency of the evidence. Where a jury is waived and the cause is tried by the court, the question of the sufficiency of the evidence affecting plaintiff's right to maintain the action may be reviewed by this court, upon the overruling of the motion for a new trial alleging the insufficiency of the evidence, although there has been no demurrer to the evidence, or request for judgment by the losing party. Markle v. Stekoll, 138 Okl. 171, 280 P. 842, and Wilcox Oil Company v. Lawson, Okl., 301 P.2d 686, and Missouri, K & T Ry. Co. v. Lenahan, 39 Okl. 283, 135 P. 383.

Plaintiff did not waive the right to challenge plaintiff's right to maintain the action.

As heretofore stated, the petition of the plaintiff sought to recover the statutory penalty and in addition the actual damages plaintiff allegedly suffered because of defendant's refusal to release the mortgage. The record, with its narration of evidence, does not reflect whether or not plaintiff pursued recovery of actual damages, probably because a mortgagor is limited to recovery of the statutory penalty. Pittsburg Mortg. Inv. Co. v. Cook, supra, and plaintiff had recovered under the statute. The plaintiff is not a mortgagor and is not subject to the provisions of the statute. Upon remand of this matter the plaintiff may desire to pursue their remedy for damages.

The portion of the judgment awarding plaintiff a personal judgment against defendant for the penalty provided in 46 O.S. 1961, § 15, is reversed. The judgment in other respects is affirmed.

The costs of this appeal are divided equally between plaintiff and defendant.

The cause is remanded to the trial court for further proceedings not inconsistent with the views herein expressed.

All Justices concur.