# Livingston *v.* Cudd.

*Action for Statutory Penalty for Failure to Satisfy Record of Mortgage.*

1. *When statutory penalty recoverable for not satisfying mortgage on the record.*—If a mortgagee of a recorded mortgage fails for the period of time mentioned in the statute after request made to enter satisfaction of the mortgage on the record as required by law—the same having been discharged by payment of the mortgage debt—he is liable to the mortgagor for the statutory penalty whether the mortgagor still owns any interest in the property embraced in the mortgage or not.

APPEAL from the Circuit Court of Morgan.
Tried before the Hon. H. C. SPEAKE.
Action by J. H. Livingston against J. J. Cudd to re-

[Livingston v. Cudd.]

cover the statutory penalty for the failure of the defendant to enter on the record satisfaction of a mortgage executed to him by the plaintiff—the same having been discharged by payment of the mortgage debt. The defendant demurred on the ground that the complaint did not allege that the plaintiff still owned or had an interest in the property embraced in the mortgage. The demurrer was sustained. Plaintiff declining to amend judgment final was rendered on the demurrer.

O. KYLE, for appellant, contended, that the court erred in its rulings on the demurrer because the complaint was sufficiently specific and because a proper construction of the statutes shows that the mortgagor even though he had sold the property covered by the mortgage can maintain the suit, and cited, *Gay, Hardie & Co. v. Rogers,* 109 Ala. 628; *Williams v. Bowlin,* 68 Ala. 126; *Scott v. Fields,* 75 Ala. 421; *Deter v. Crossly,* 26 Ia. 182; *Sandford v. Duckling,* 71 Ala. 594; *Steiner v. Snow,* 80 Ala. 46.

E. W. GODBEY, *contra.*—The right to the penalty follows the ownership of the property.—*Curd v. Brown,* 43 Pac .Rep. 847; *Coffman v. Hilliard,* 24 Pacific Rep. 1098; *Hedley v. Bell,* 84 Ala. 346; Boone on Mortgages, Sec. 270. (2). The only object of the statute is to require publicity that the *property* of the debtor is no longer encumbered to the end that he may be unhampered to use his *means*—not his credit; *Scott v. Field,* 75 Ala. 419; *Gay v. Rogers,* 20 So. Rep. 37; *Palmer v. Conoly,* 4 Denio, 374. (3). The action depending on existing interests in actual property the continuance of that interest must be distinctly averred.—4th Ency. Pled. Prac. 616; *Rees v. W. U. Tel. Co.,* 7th L. R. A. 586.

HARALSON, J.—Before the amendment of the statute in respect to satisfying mortgages on the record, to its present form, the original section of the Code was, "Any mortgagee who has received satisfaction of the amount secured by such mortgage, must, if the same has been recorded, at the request of the mortgagor, enter satisfaction etc."—Code 1876, § 2222.

As amended it provides that, "If a mortgage which is of record has been fully paid or satisfied, the mortgagee or the transferee or assignee of the mortgage, who has received payment or satisfaction, must, on the request in writing of the mortgagor, or of a judgment or other creditor of the mortgagor having a lien or claim on the property mortgaged, or of a purchaser from the mortgagor, enter the fact of payment or satisfaction on the margin of the record of the mortgage etc." In default of a compliance within two months thereafter with such request, he forfeits to the party making the request, $200.

Under the terms of the section as amended and extended, the right of the mortgagor to demand entry of satisfaction on payment of the mortgage debt, has not been, in any event, taken away or abridged.

In *Gay, Hardie & Co. v. Rogers*, 109 Ala. 624, in speaking of this statute, it was said, that when a mortgagee avails himself of the advantages of the registration act, and publishes to the world that he has a lien on the property of the mortgagor, the latter, to this extent is injured in his credit, and ability to utilize his means. This he assumed in giving the mortgage security. "When the lien or mortgage has been wholly or partially satisfied by payment, fairness and justice to him demand that his credit be restored. The mortgagee having published to the world the existence of his lien or claim, when it has been removed, he owes, independent of the statute, a moral duty to his debtor to give the same publicity to the fact, that the property of the debtor is no longer encumbered. The statute makes it a legal duty to perform a moral duty and imposes a penalty if he fails to discharge this duty."—*Scott v. Field*, 75 Ala. 422.

In Iowa, there is a statute prescribing that, "whenever the amount due on any mortgage is paid off, the mortgagee, or those legally acting for him, must acknowledge satisfaction thereof in the margin of the record of the mortgage. If he fails to do so within six months after being requested, he shall forfeit to the mortgagor the sum of $25." Judge Dillon in construing this statute said: "The record of the mortgage is constructive notice to the world of the existence of the debt and

[Seals *et al.* v. Weldon, Adm'r.]

incumbrance. When this is paid, the statute has provided for a satisfaction of the record, so that the world may also know the fact of payment. Unsatisfied mortgages of record tend to affect the pecuniary standing and credit of the mortgagor in business circles. In view of these considerations, the reasonableness of the statute requiring the mortgagee to acknowledge payment of the debt in as public a manner as the mortgagor acknowledged its existence, is apparent."—*Deeter v. Crosley*, 26 Iowa, 180.

We have referred to the foregoing decisions as confirmatory of the opinion we entertain, that, under this statute, a mortgagor though he may have parted with his interest in the mortgaged property, still has a substantial interest in having an entry of satisfaction made upon its record, and that, after default to enter such satisfaction by the party charged with the duty of making the same, for the time specified, on proper demand of the mortgagor to do so, the mortgagor has a right of action against him to recover the penalty prescribed.

The court erred in sustaining the demurrer to the amended complaint.

Reversed and remanded.