## CAPPS v. UNITED STATES BOND & MORTGAGE CO.

(Circuit Court of Appeals, Eighth Circuit. June 13, 1921.)

No. 5701.

Mortgages ⊂⇒312(1)—Statutory penalty for neglect or refusal to release recoverable only by mortgagor.

> Under the statute of Oklahoma providing that, "if the holder of any mortgage on real estate shall neglect or refuse for ten days after being requested by the mortgagor, his agent or attorney, to release such mortgage, such holder of a mortgage shall forfeit and pay to the mortgagor one per centum of the principal debt per diem from and after the expiration of the said ten days," such right of recovery is limited to the mortgagor, and the penalty cannot be recovered by his grantee of the land.

In Error to the District Court of the United States for the Western District of Oklahoma; Frank A. Youmans, Judge.

Action at law by J. H. Capps against the United States Bond & Mortgage Company. Judgment for defendant, and plaintiff brings error. Affirmed.

H. G. Snyder, of Oklahoma City, Okl. (F. B. Owen, of Oklahoma City, Okl., and J. O. Counts and John B. Wilson, both of Frederick, Okl., on the brief), for plaintiff in error.

John Embry, of Oklahoma City, Okl. (Embry, Johnson & Kidd, of Oklahoma City, Okl., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and LEWIS and COTTERAL, District Judges.

LEWIS, District Judge. In September, 1912, one Cornelius gave to the defendant Bond and Mortgage Company a mortgage on his 160 acres of land in Oklahoma to secure the payment of his note for $2,500 and accruing interest, and at the same time he gave defendant a second mortgage on the land to secure his note for $500 and accruing interest. Thereafter defendant sold the $2,500 note to the Penn Mutual Life Insurance Company. Later there was default and foreclosure of the second mortgage, and at the sale the equity was bought in by the defendant, for which it received the sheriff's deed. In 1916 the defendant sold the land to Capps, plaintiff, for $3,000, $500 of which Capps paid and assumed and agreed to pay off the first mortgage debt. The defendant bought back the $2,500 note and mortgage from the Penn Company about the time of its transaction with Capps.

In November, 1917, Capps paid off the first mortgage and defendant sent to Capps by mail the $2,500 note, the mortgage given to secure it,

the abstract of title to the 160 acres, and an assignment of the $2,500 note and all claims under the mortgage which it had received from the Penn Company. The assignment back of the note and mortgage from the Penn Company to defendant was made out in extended formality and executed by the Penn Company over its corporate seal. The defendant took this document to be a deed of release of the first mortgage, though it did not describe the land; and in its letter of transmission to Capps said a release of the mortgage was enclosed, and advised Capps to have it recorded. Correspondence followed between Capps and defendant, in which the latter's agent insisted that a release had been sent to Capps with the other papers. Capps at first thought that the assignment from the Penn Company was a release, and had it recorded. The defendant was not convinced of its mistake until Capps later returned the assignment to defendant. Capps through his attorneys then sent to defendant at its home office in Texas a release deed which they had prepared, and requested that it be executed and returned. Defendant replied that before doing so it wished to see the abstract of title, and requested that the abstract be forwarded to it so that it could be examined and the release prepared and executed, which it said in its letter of June 26, 1918, it desired to do "at the earliest possible date." That letter seems to have closed the correspondence. It remained unanswered, the subject was dropped, and there was no further communication.

On April 16, 1919, Capps brought this action to recover $8,850 of defendant on the ground and because of its failure to execute and deliver to Capps a release deed, basing his action and right of recovery wholly on a State statute which reads:

"If the holder of any mortgage on real estate shall neglect or refuse for ten days after being requested by the mortgagor, his agent or attorney, to release such mortgage, such holder of a mortgage shall forfeit and pay to the mortgagor one per centum of the principal debt per diem from and after the expiration of the said ten days, to be recovered in a civil action in any court having jurisdiction thereof, but such request must be in writing and describe the mortgage and premises with reasonable certainty, and be accompanied by the expense of filing and recording such release."

By the express terms of the statute the right to the penalty is given only to the mortgagor, that is, the mortgagor is the only person named to whom the forfeit runs and shall be paid, and no one else is given the right by the terms of the statute to sue and recover it; and because of that the trial court held that Capps was not included within the statute, and hence had no right to recover the penalty, and found the issues for the defendant. The Supreme Court of Oklahoma has not given construction to this statute, but similar statutes have been considered in other States. Some of them by their terms, as here, confine the right to the penalty to the mortgagor, while others give it to his assignees and heirs also. This difference is said to be attributable, in the first instance, solely to a regard to the credit of the mortgagor and is personal to him; and in the second, where the right runs to the assignee and heir also, the principal purpose is to have the title cleared. Chief Justice Dillon, in Deeter v. Crossley, 26 Iowa, 180, considered a statute of the first kind, in which he said:

"Unsatisfied mortgages of record tend to affect the pecuniary standing and credit of the mortgagor in business circles."

And Justice Brewer, in Thomas v. Reynolds, 29 Kan. 304, dealt with a statute of the second kind, in which the right was given also to the grantee or heirs of the mortgagor. He pointed out the exact terms of the Iowa statute considered in Deeter's Case, where the right of recovery was given only to the mortgagor, and said:

"If the mortgagor is the party alone entitled to recover the penalty, his rights are, of course, the only ones intended to be secured by the statute; and in support of such a statute, the reasons given by Judge Dillon as above are entirely satisfactory,"

—but held that under the Kansas statute the grantee of the mortgagor might recover the penalty. The same distinction is noted in Livingston v. Cudd, 121 Ala. 316, 25 South. 805, construing a similar statute in Alabama. See also Wilkerson v. Sorsby, 201 Ala. 182, 77 South. 708; Jones v. Loan & Trust Co., 7 S. D. 122, 63 N. W. 553. There is additional support to the construction given this statute by the trial court. The Oklahoma statute requires a chattel mortgagee to deliver to the mortgagor on payment of the debt a certificate of discharge, and on his refusal to do so it subjects him to a penalty in favor of the mortgagor or his grantee or heirs. This marked difference between the two statutes could hardly have escaped legislative attention. In the one the right to the penalty is given to the mortgagor only, and in the other to the mortgagor, his grantee or heirs.

Furthermore, we doubt that the facts brought defendant within the statute. It will be observed that the penalty is not imposed on a mortgagee who fails or omits to make the release, but on one who neglects or refuses to do so. The defendant did not decline to give the release; it thought it had done so at the time it turned over to Capps all the title papers. When it found out its mistake in sending the Penn Company's assignment instead, it wrote Capps that it desired to make a release deed "at the earliest possible date," and asked Capps to send the abstract for that purpose. If that did not suit Capps' convenience he might have returned the mortgage, which would have served as well; but his counsel chose to stand flatly on their demand that defendant execute the release which they had prepared and sent, without more. The defendant had taken many mortgages on Oklahoma lands, and many of them had not then been paid off. Its interest, and the interest of those to whom it had assigned these securities, entitled it to more than the word of Capps' counsel before acting, and its request was a reasonable one. It may be conceded that a failure or omission to do what the law requires may under circumstances amount to neglect or refusal to act, but there is nothing here indicating that defendant was attempting to evade giving the deed; it had expressed its desire to do so, and asked that Capps furnish to it the facts on which it could intelligently, and in keeping with its own interest and the rights of others, act. It is said that defendant had data then among its files, made by it when it took the mortgage from Cornelius, from which it could have drawn the deed; but those at best were second-hand, made by employees, and

would hardly impress a reasonably cautious man as a final and safe guide. Pending such a request we very much doubt that defendant neglected or refused to make the release.

We are not convinced that the trial court erred.

Affirmed.