## HOPE et al. v. UNITED SAVINGS & LOAN ASS'N.

No. 26319.  Sept. 8, 1936.

Bailey E. Bell, for plaintiffs in error.

H. B. Schaeffer and John J. Southwick, for defendant in error.

WELCH, J. This matter presents an appeal from the district court of Pawnee coun-

ty from a judgment rendered for the defendant in error, United Savings & Loan Association, against Stanley Hope and Edna M. Hope, plaintiffs in error.

The facts are as follows: The defendant in error, who was plaintiff below, and will be so designated in this opinion, brought an action to foreclose a real estate mortgage, claiming a further lien in addition to the principal which had been discharged. Plaintiffs in error, who will be hereinafter designated as defendants, in answer to plaintiff's petition, denied plaintiff's right to any further lien and filed a cross-action for penalty under section 7642, C. O. S. 1921 (11266, O. S. 1931). The defendants were not the original mortgagors, but were subsequent purchasers of the real estate and owned the same when this action was commenced. There was judgment sustaining defendants' demurrer to plaintiff's evidence; also judgment denying defendants relief on their cross-action. Defendants appeal from the judgment denying relief on their cross-petition.

Defendants in their petition in error brief several questions, including that of novation, in order to bring themselves within the statute above cited. This question was not pleaded below. And although it is insisted that evidence on the question was introduced without objection, the same falls short for such purpose in that the original mortgagor was not released from the debt.

We are of the opinion that there is but one question involved in this case, that is, whether or not the subsequent purchaser of mortgaged real estate may recover the forfeit provided by section 11266, supra. On the authority of the following cases decided by this court, it seems conclusive that statutes penal in their nature must be strictly construed and limited to operate only in favor of those included in the statutory description or designation: Territory ex rel. Johnston v. Woolsey, 35 Okla. 545, 130 P. 934; Baugh v. Little et al., 140 Okla. 206, 282 P. 459; Bullington v. Lowe, 94 Okla. 234, 221 P. 502.

It is true that the precise question here presented has not heretofore been decided by this court, but the cited cases clearly disclose that the rule of strict construction is applied to such statutes in confining their operation, and there is no provision therein that the rights conferred thereby shall extend to the assignee of the mortgagor, and we do not now feel justified in extending the statute by implication to include such persons. We find that this provision of

our statute has had consideration by the United States Circuit Court of Appeals for the Eighth Circuit, in the case of Capps v. U. S. Bond & Mortgage Co., 274 Fed. 357, and there the court, after reviewing authorities of eminent standing, held that the statute did not apply in cases such as this. We agree with the reasoning and conclusion in such opinion.

The judgment of the trial court is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and PHELPS, JJ., concur.