PFALZGRAF v. WARD.

*98 P. 2d 931.*

No. 29112.   Dec. 12, 1939.

Rehearing Denied Feb. 6, 1940.

Foster Windham, of Poteau, for plaintiff in error.

Babb & Babb, of Poteau, for defendant in error.

DAVISON, J. This action was commenced August 30, 1935, by the plaintiff in error against the defendant in error, as defendant, to recover the penalty which section 11266, O. S. 1931, 46 Okla. Stat. Ann. § 15, provides that the holder of a real estate mortgage shall forfeit to the mortgagor for his failure to release said mortgage upon request of the mortgagor.

At the trial the only testimony introduced was that of the plaintiff. After he had testified, the defendant demurred to the evidence. The jury was then discharged and the court took the matter under advisement, thereafter sustaining said demurrer. From the order sustaining the demurrer, the plaintiff has appealed.

The material facts are undisputed. On March 2, 1925, while the defendant was a minor, the plaintiff and his wife executed and delivered to the defendant, through his guardian, a real estate mortgage upon their home in the city of Poteau, Okla. The indebtedness thereby secured was in the sum of $2,000, evidenced by four promissory notes in the sum of $500 each. In 1927, the defendant became an adult and his guardian was discharged. On April 17, 1929, a part of the above indebtedness being past due and unpaid, the plaintiff borrowed an additional sum of money from the defendant and executed and delivered to him a note and mortgage for a sum which included both the amount of the new loan and the unpaid balance on the old one that the mortgage of 1925 had been given to secure. The former mortgage indebtedness thus being satisfied, a release of same was timely executed by defendant and delivered to plaintiff. On cross-examination plaintiff testified that this release was thereafter burned by a person who was sweeping his house, without having been filed for record. On several subsequent occasions, the plaintiff requested the defendant to execute another release of the same mortgage. These requests were not complied with, and finally on June 28, 1935, the plaintiff sent the defendant a registered letter containing a further and more formal request for the release. In said letter the plaintiff set forth a description of the mortgage he sought to have released and enclosed a form of release showing the description of the mortgaged real estate, as well as a money order to cover the fees incident to an acknowledgment and recording of such instrument. This formal request for the release met all requirements provided for in section 11266, supra.

The defendant contends that, since he had executed a release of the mortgage in question and delivered same to plaintiff, and it was accepted by plaintiff, that plaintiff could not thereafter maintain an action under section 11266, supra.

The plaintiff has based his action entirely under sections 11266 and 11267, O. S. 1931, 46 Okla. Stat. Ann. §§ 15 and 16. This court has heretofore decided that section 11266, supra, is penal in nature and must be strictly construed. Territory ex rel. Johnston v. Woolsey, 35 Okla. 545, 130 P. 934; Baugh v. Little et al., 140 Okla. 206, 282 P. 459; Bullington v. Lowe, 94 Okla. 234, 221 P. 502; Hope v. United Savings & Loan Ass'n, 177 Okla. 389, 60 P. 2d 737. Section 11266, supra, reads as follows:

"If the holder of any mortgage on real estate shall neglect or refuse for ten days after being requested by the mortgagor, his agent or attorney, to release such mortgage, such holder of a mortgage shall forfeit and pay to the mortgagor one per centum of the principal debt per diem from and after the expiration of such ten days to be recovered in a civil action in any court having jurisdiction thereof, but such request must be in writing and describe the mortgage and premises with reasonable certainty and be accompanied by the expenses of filing and recording such release."

Section 11267, supra, provides the manner of such release, as follows:

"A mortgage may be released by an entry on the margin of the record, stating that payment of the debt has been made, the date of entry, and being subscribed by the holder of the mortgage or his agent or attorney to whom the debt was paid; or such statement may be made in a separate instrument, duly signed and acknowledged and recorded in the office of the register of deeds; and the mortgagor must in all cases pay the expenses of such release."

The decisive question here to be decided is whether or not a mortgagee, who has at one time executed and delivered a release of mortgage to a mortgagor, and the release accepted by the mortgagor, will be liable under section 11266, supra, for his failure to execute a second release, and record it, after a statutory demand under section 11267, supra, has been made upon him for such purpose by the mortgagor.

The precise question here involved has not heretofore been decided by this court, but the above-cited cases disclose

that the rule of strict construction is applied to such statutes in defining their operation, and we do not feel justified in extending the statute by implication to include such mortgagees who at one time had already furnished a written release of mortgage which was accepted by the mortgagor as a satisfaction of mortgage but which had thereafter been lost, misplaced, or destroyed by the mortgagor without having been recorded.

It is plaintiff's contention that when the holder of a mortgage, after the debt has been paid, receives the notice provided by the statute to release the mortgage, he must, in order to avoid the penalty, release it in one of the two ways provided by section 11267, supra. We cannot agree with this contention, for the reason that when the release was accepted by plaintiff with no question as to any duty resting on the defendant to record it, we are of the opinion that the delivery of the executed release, and acceptance thereof, was sufficient to estop the plaintiff from thereafter raising the question of the method of release. By his personal acceptance of the release he has placed himself in such position that the penalty statute, supra, is no longer available to him.

The question of whether or not the first mortgage was paid by the execution of the renewal note was not raised nor relied on, and we do not here pass upon that feature of the case.

Since plaintiff's action is based entirely upon the penalty statute hereinbefore referred to, we deem it unnecessary to discuss the future rights and remedies of the plaintiff, and here decide only the question of plaintiff's right to receive the penalty provided for therein.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and HURST, JJ., concur.