STATE ex rel. ALLEN v. BOARD OF ED., INDEPENDENT SCHOOL DIST. NO. 74, MUSKOGEE COUNTY, et al.

No. 34999.    June 24, 1952.

Rehearing Denied July 23, 1952.

*246 P. 2d 368.*

C. N. Haskell, Muskogee, for plaintiff in error.

C. F. Gordon, Muskogee, for defendant in error.

O'NEAL, J. Virgil Allen, a citizen of Muskogee county, Oklahoma, brought the present action against the named defendants. The defendant, the Citizens National Bank of Muskogee, demurred to plaintiff's petition on two grounds:

(a) That the plaintiff has no legal capacity to sue.

(b) That the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

The trial court sustained defendant's demurrer upon the grounds stated. Plaintiff excepted to the court's ruling declining to plead further, and gave notice of appeal.

The defendants not involved in the appeal are members and officers of the board of education of Independent School District No. 74 of Muskogee County, Oklahoma.

For brevity we refer to Virgil Allen as plaintiff; the individual members of the board of education of Independent School District No. 74, of Muskogee county, as the Board and the demurring defendant as the Bank.

Plaintiff's action was commenced on September 9, 1950. He alleges that on June 1, 1950, he caused to be served a written demand, signed by twenty-two electors of the school district, upon the Board setting forth instances of payments out of the school district funds unauthorized by law and demanded that the Board bring appropriate action to recover said funds. The Board failing to act, he brings the present action against the Bank to recover the sum of $510 and for a penalty in a like sum as provided by statute; that on December 27, 1948, the Board drew its warrant in payment of said sum with interest in the sum of $6.34, payable to the Bank, which warrant was duly paid. The warrant on its face shows the payment is a charge upon the Building Fund Levy.

It is the plaintiff's contention that there is no authority under the law for a school district to borrow money from a banking institution, and that the issuance of said warrant and the payment thereof amounted to an unauthorized, unlawful and void expenditure of the funds of the school district. Plaintiff alleges that he is a qualified elector of School District No. 74, and that the twenty-two signers who joined with him in the written demand on the Board are likewise qualified electors of said school district.

The defendant Bank's demurrer raises the question as to whether, under the admitted facts, an elector of the school district has the legal capacity to sue.

The answer to that question depends upon whether plaintiff is properly proceeding under the Session Laws of 1949, art. 4, §§30 and 31, p. 533 (Tit. 70, art. 4, §§30 and 31, O.S. 1951), or whether the action may only be instituted and maintained by a resident taxpayer as provided by the Session Laws of 1913, ch. 219, art. 5, §§32 and 33, pp. 518-519 (Tit. 70, §§132 and 133, O.S. 1941).

We take judicial knowledge that the School Code (Laws 1949) Tit. 70, arts. 1 to 20, O.S. 1951, took effect 90 days after the adjournment of the 1949 Legislature; thus, the 1949 School Law was not in effect prior to the 15th of December, 1948, the date the individual defendants borrowed the $510 from the Bank, or on December 15, 1948, the date the Board issued its warrant in payment of the money thus borrowed; or on June 22, 1949, the date that the warrant was marked, "Paid" by the county treasurer. The 1949 Act became effective on August 27, 1949, by virtue of art. 5, §58 of the Constitution of the State of Oklahoma.

The Act of 1949 (Tit. 70, art. 4, §§30 and 31, O.S. 1951) are as follows:

"§30.* * * Every member of the board of education or board of county commissioners who shall hereafter vote for the payment of any money or transfer of any property belonging to the school district in settlement of any claim known to such member to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for any school district, by any officer or officers thereof, and every person having notice of the facts with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall hereafter be paid, or such transfer of property shall be made, shall be liable in damage to all innocent persons in any manner injured thereby and shall be liable to the school district affected for double the amount of all sums of money so paid, and double the value of property so transferred, as a penalty to be recovered at the suit of the board of education of such school district, or of any school district elector thereof, as hereinafter provided. Such illegal payment of money shall include salaries or any compensation paid to any person for teaching or performing other services for said district when such person does not have a written contract required by law or does not hold a valid certificate as required by the Oklahoma School Code or rules and regulations of the State Board of Education, for the subjects taught or services performed and valid for the entire time for which such person has been paid, and any person receiving such illegal payment shall also be guilty of a misdemeanor.

"§31. * * * Upon refusal, failure or neglect of the board of education of any school district, after written demand made upon them by ten (10) school district electors of such school district, or by the State Board of Education, either to return the money or to institute and diligently prosecute the proper proceedings at law or in equity for the recovery of any money or property belonging to such district; paid out or transferred by any officer thereof, in pursuance of any unauthorized, unlawful, fraudulent or void contract, made or attempted to be made by the board of education of any such school district, or for the penalty provided in the Section preceding, any school district elector of such district affected by

such payment or transfer, and after giving security for costs, may, in the name of the State of Oklahoma as plaintiff, institute and maintain any proper action at law or in equity which the board of education of the school district might institute and maintain for the recovery of such property, or for said penalty, for the benefit of the district, and any judgment thus obtained shall provide for payment of necessary attorney fees and other costs of the action."

It will be observed that under sec. 30, in addition to the liability of a member of the board of education who shall hereafter vote for the payment of any money known to such members to be fraudulent or void, that the section also provides that every person having notice of the facts of such fraudulent or void contract, and who receives the benefit thereof, shall be liable to the school district affected in double the amount of all sums so received in the nature of a penalty to be recovered by suit by an elector of the school district; and, that any person receiving such illegal payment shall also be guilty of a misdemeanor.

Under sec. 31, if after demand made by ten (10) electors, the Board refuses to prosecute an action to recover the sum so wrongfully paid by them, or the penalty referred to under sec. 30, the action may be brought by a school district elector of the district in the name of the State of Oklahoma as plaintiff for the benefit of the Board, together with attorney's fees and costs.

Session Laws 1913, ch. 219, p. 518, art. V, §§32 and 33 (Tit. 70, §§132-133, O.S. 1941) read as follows:

"§132. * * * Every officer of any school district who shall hereafter order or direct the payment of any money or transfer of any property belonging to school district in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for any school district, by any officer or officers thereof, and every person having notice of the facts with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall hereafter be paid, or such transfer of property shall be made, shall be jointly and severally liable in damages to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the school district affected for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty to be recovered at the suit of the proper officers of such school district, or of any resident taxpayer thereof, hereinafter provided."

"§133. * * * Upon the refusal, failure or neglect of the proper officers of any school district, after written demand made upon them by ten resident taxpayers of such school district, to institute or diligently prosecute the proper proceedings at law or in equity for the recovery of any money or property belonging to such school district, paid out or transferred by any officers thereof, in pursuance of any unauthorized, unlawful, fraudulent or void contract, made or attempted to be made by any of its officers for any such school district, or for the penalty provided in the Section preceding, any resident taxpayer of such school district affected by such payment or transfer after serving the notice aforesaid, and after giving security for costs may, in the name of the State of Oklahoma as plaintiff, institute and maintain any proper action at law or in equity which the proper officer of the school district might institute and maintain for the recovery of such property, or for said penalty and any such school district shall, in such event, be made defendant and one-half the amount of money and one-half of the value of the property recovered in any action maintained at the expense of a resident taxpayer under this Section shall be paid to such resident taxpayer as a reward."

An action under the 1913 Act to recover money paid fraudulently, or under a void contract, could only be instituted and maintained by a resident taxpayer of the school district in the event the Board failed to act upon the

demand of ten resident taxpayers of the school district to institute the proceeding. The Act makes all defendants jointly and severally liable for double the amount so wrongfully paid out in the nature of a penalty; half of the sum so recovered shall be paid to the resident taxpayer as a reward.

It will also be observed that the 1949 Act provides that a violation thereof is a misdemeanor, and that an action can only be instituted and maintained by a qualified elector, while under the 1913 Act the demand must be made by ten qualified resident taxpayers and the action must be instituted and maintained by a resident taxpayer of the school district.

We think the present action is governed by the laws of 1913 in force when the warrant was issued and paid, and that, therefore, the action could only be instituted and maintained by a resident taxpayer of the school district.

The petition, in failing to allege that the party plaintiff was a resident taxpayer, failed to state a cause of action and the demurrer thereto was properly sustained.

In the early case of Good v. Keel, 29 Okla. 325, 116 P. 777, we said:

"It is a rule of statutory construction that all statutes are to be construed as having a prospective operation unless the purposes and intention of the Legislature to give them a retrospective effect is expressly declared, or is necessarily implied from the language used. 36 Cyc. 1205. In every case of doubt the doubt must be resolved against the retrospective effect. This general rule has been applied to a great variety of statutes, including the uniform negotiable instruments law, usury laws, statutes levying taxes, relating to defenses to actions on insurance policies, relating to damages for wrongs, providing for rendition of deficiency judgments upon sale of mortgaged premises, limiting the time for the commencement of actions, declaring certain contracts void, regulating parties who may sue for death by wrongful act, or the manner of distribution of the amount recovered, modifying the fellow servant rule, relating to plans for bridges over railroad tracks, relating to mechanics' liens, defining the boundary of a city."

In Swatek Construction Co. v. Williams, 177 Okla. 305, 58 P. 2d 585, we held:

" 'Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt the doubt must be resolved against the retrospective effect.' "

Moreover, as we have indicated, the 1949 Act, in addition to the double recovery in the nature of a penalty, also imposes fines and imprisonment under the general misdemeanor statutes and in addition provides for the payment of attorney's fees and other costs of the action.

The foregoing Acts have been construed by this court as penal statutes in form and effect and we have held that they must be strictly construed. In State ex rel. Sweeney v. Oklahoma Natural Gas Corporation, 177 Okla. 62, 57 P. 2d 626, we held:

"Statutes authorizing recovery of penalties based on unlawful or fraudulent contracts or transactions by officers of governmental subdivisions are penal, and must be strictly constructed from the viewpoint of the taxpayer."

And, in the opinion, the court states:

"Those sections have always been strictly construed and applied by this court under the rule of strict construction usually given penal statutes. Statutes authorizing recovery of penalties based on unlawful or fraudulent contracts or transactions by officers of governmental subdivisions are penal, and must be strictly construed from the viewpoint of the wrongdoer."

This being a statutory action it can be instituted and maintained only in the manner and under the conditions named in the statute. We held in Baugh v. Little, 140 Okla. 206, 282 P. 459:

"Where an action is brought by a resident taxpayer of the school district affected thereby, pursuant to the provisions of sections 10383 and 10384, C. O.S. 1921, in order to maintain such action to adjudication, it is essential that the plaintiff retain his status as such resident taxpayer; and if, at the trial of the cause, it appears from the evidence that the plaintiff has removed from such school district, it is not error for the court to dismiss the action as in abatement thereof for want of a proper party plaintiff capable of proceeding therein to judgment."

In the early case of Territory ex rel. Johnston, County Atty., v. Woolsey, 35 Okla. 545, 130 P. 934, under a statute authorizing that an action may be maintained in the name of the state on relation of one or more resident taxpayers of a city against any officer of a city who has transferred property of the city or paid out its money on a claim known to said officer to be fraudulent or void, and which action seeks to recover double the value of the wrongful payment, the statute creates a cause of action in favor of a resident taxpayer only, but does not authorize an action to be maintained in the name of the State on relation of the county attorney.

In Hope v. U. S. Saving & Loan Association, 177 Okla. 389, 60 P. 2d 737, we held:

"When a statute prescribes a penalty to be recovered by a designated or described person, it is a general rule that no other person may recover such prescribed penalty."

"Strict construction" is that which refuses to extend the law by implication or equitable consideration and confines its operations to cases clearly within the letter of the statutes, as well as within its spirit of reason. Pfalzgraf v. Ward, 186 Okla. 437, 98 P. 2d 931.

Moreover, the Act of 1949 does not disclose a legislative intent that it be given a retrospective or retroactive effect. Neither does the Act of 1949 take away the cause of action of the plaintiff under the 1913 Act. Art. 5, §52, of the Constitution provides:

"After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit." Dowler v. State ex rel. Prunty, 179 Okla. 532, 66 P. 2d 1081.

The judgment of the trial court is affirmed.

HALLEY, V.C.J., and WELCH, DAVISON, and JOHNSON, JJ., concur.