** Summary **
COMPUTATION OF INTEREST ON PAST DUE CONTRIBUTIONS OWED THE EMPLOYMENT SECURITY COMMISSION Title 40 O.S. 224 [40-224](a) (1972) operates only prospectively, but it also limits the amount of interest on contributions due and payable prior to the effective date of the amendment to fifty percent of the contribution unpaid for any period unless the amount of interest on the effective date already equaled or exceeded that amount. The effect of the amendment on the two categories of past due contributions which arise is as follows: (1) Interest on unpaid contributions for periods prior to the effective date of the amendment which equals or exceeds fifty percent of the unpaid contribution for that period on the effective date of the amendment remains as an obligation to the State but no further interest will accrue. (2) Interest on unpaid contributions for periods prior to the effective date of the amendment which did not equal or exceed fifty percent of the unpaid contribution on the effective date of the amendment will continue to bear interest at one percent a month until paid or until the interest equals fifty percent of the unpaid contribution. This is to acknowledge receipt of your letter wherein you ask whether Title 40 O.S. 224 [40-224](a) (1972) effective April 7, 1972, operates retrospectively in regard to interest due on delinquent contributions. This section, as amended in the 1972 Legislature is set forth below: "Interest on Past-due Contributions. If contributions are not paid on the date on which they are due and payable as prescribed by the Commission, the whole or part thereafter remaining unpaid shall bear interest at the rate of one percent (1%) per month for each month or fraction thereof from and after such date until payment is received by the Commission: Provided, that the interest applicable to the contribution due for any period shall not exceed fifty percent (50%) of the amount of contribution due at due date. The date on which payment of contributions is deemed to have been received may be determined by such regulations as the Commission may prescribe. Interest collected pursuant to this subsection shall be paid into the unemployment compensation fund." (Emphasis supplied) The italicized portion above was added to this section and limits the maximum liability for interest applicable to contributions due for any period. The general rule in regard to whether a statute acts retrospectively or not is set forth in State v. Board of Education of Independent School District No. 7 of Muskogee County, 206 Okl. 699, 246 P.2d 368: "Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt the doubt must be resolved against the retrospective effect." This rule was recently upheld and followed in the case of Sunray DX Oil Company v. Great Lakes Carbon Corporation, Okl., 476 P.2d 329 (1970), wherein the court refused to apply the new rate of interest on judgments rendered pursuant to the amendment of Title 15 O. S. Supp. 1968, 274, to a judgment rendered prior to the effective date of that act. A close examination of the recently amended statute reveals that it does not expressly provide that it shall have a retrospective or retroactive effect nor is there any language contained in the Act from which such intent may be implied. It is, therefore, the opinion of the Attorney General that 40 O.S. 224 [40-224](a) (1972) operates only prospectively. Your letter further stated: "As a result of this amendment, the Commission has been requested to accept as full payment of interest, only the amount of interest which is equal to one-half of the contribution due." It is the opinion of the Attorney General that the prospective operation of this amended section also limits the amount of interest on contributions due and payable prior to the effective date of the amendment to fifty percent of the contribution unpaid for any period unless the amount of interest on the effective date already equaled or exceeded that amount. The Legislature cannot forgive any accumulated contribution or interest under Article V, Section 53 of the Oklahoma Constitution. The effect of the amendment on the two categories of past due contributions which arise is as follows: 1. Interest on unpaid contributions for periods prior to the effective date of the amendment which equals or exceeds fifty percent of the unpaid contribution for that period on the effective date of the amendment remains as an obligation to the State but no further interest will accrue. 2. Interest on unpaid contributions for periods prior to the effective date of the amendment which did not equal or exceed fifty percent of the unpaid contribution on the effective date of the amendment will continue to bear interest at one percent a month until paid or until the interest equals fifty percent of the unpaid contribution. (James H. Gray)