542 P.2d 508 (1975)
STATE of Oklahoma ex rel. STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS, Appellant,
v.
ENGINEERED COATINGS, INC., a corporation, Appellee.
No. 46834.
Supreme Court of Oklahoma.
November 4, 1975.
Larry Derryberry, Atty. Gen., Todd Markum, Asst. Atty. Gen., for appellant.
Don N. Bykerk, Oklahoma City, for appellee.
*509 IRWIN, Justice.
The State Board of Registration for Professional Engineers and Land Surveyors (appellant) sought to enjoin Engineered Coatings, Inc., (appellee) from using the word "engineered" in its name without registering with appellant and obtaining the required certificate of authorization. Appellee allegedly was violating 59 O.S. 1971, §§ 475.1-475.39 [Registration of Engineers and Land Surveyors Act], by using the word "engineered" in its name.
59 O.S. 1971, § 475.1 provides that:
"* * * it shall be unlawful for any person to practice or to offer to practice engineering in this State, as defined in the provisions of this Act, or to use in connection with his name or otherwise assume or advertise any title or description tending to convey the impression that he is an engineer, unless such person has been duly registered or exempted under the provisions of this Act. * * *."
Sec. 475.20 provides, inter alia, that any entity using or employing the words "engineer" or "engineering" or any modification or derivative thereof in its name is guilty of a misdemeanor. In addition, the Board is specifically empowered to seek injunctive relief in the name of the State in order to enforce the provisions of the Act. 59 O.S. 1971, § 475.8(3).
The parties stipulated that:
(1) Appellee was incorporated and licensed to do business in Oklahoma on or about February 22, 1968, and has used the word "Engineered" in its name since that date;
(2) 59 O.S. 1971, §§ 475.1-475.39 was enacted in April of 1968;
(3) appellee's sole business is the lining or coating, and sale of the old field pipe;
(4) other than using the word "Engineered" in its name, appellee has not and is not practicing or offering to practice engineering in the State of Oklahoma.
The trial court found that appellee's name was within the parameters prohibited by § 475.20 but that appellant was not entitled to injunctive relief because the law was not retroactive as to appellee.
Appellee's name was officially recognized by the State prior to the legislative enactment and appellee had its exclusive use. 18 O.S. 1971, § 1.11(c). It used the name for over 54 months before this suit was filed and over 50 months since the legislation was passed authorizing the suit. On more than one occasion we have pronounced the general rule of statutory construction that:
"Statutes are to be construed as having a prospective operation unless the purposes and intention of the Legislature to give them a retrospective effect is expressly declared, or is necessarily implied from the language used. 36 Cyc. 1205. In every case of doubt the doubt must be resolved against the retrospective effect."
State v. Board of Education of Independent School District No 74 of Muskogee County, 206 Okl. 699, 246 P.2d 368 (1952); Swatek Construction Company v. Williams, 177 Okl. 305, 58 P.2d 585 (1935); Good v. Keel, 29 Okl. 325, 116 P. 777 (1911).
Our examination of 59 O.S. 1971, § 475.1 et seq., fails to reveal any clear expression of the Legislature's intent to have the Code's provisions applied to entities who had lawfully incorporated the term "engineer" or some derivative thereof into their name prior to the enactment of the statute, when they are entities to whom the objectives sought to be accomplished by the legislation have no meaningful relation. Appellee's title used the word "engineered" as an adjective modifying the product it sells. Such use by itself (appellee employs no engineers, offers no engineering services *510 and makes no offer of same) is not within the legitimate purposes of the engineering regulatory act sufficient to invoke the retroactive application thereof.
Judgment of the trial court affirmed.
HODGES, V.C.J., and DAVISON, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.
WILLIAMS, C.J., dissents.